**STATE of Iowa, Appellee,**

**v.**

**John Michael RICHMOND, Appellant.**

**No. 97–954.**

Supreme Court of Iowa.

Feb. 17, 1999.

Linda Del Gallo, State Appellate Defender, and James Tomka, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Martha E. Boesen, Assistant Attorney General, Denver D. Dillard, County Attorney, and Russell G. Keast, Assistant County Attorney, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, NEUMAN, and TERNUS, JJ.

HARRIS, Justice.

The question in this appeal following a conviction of second-degree sexual abuse is whether it was reversible error to receive evidence of admissions by the accused recited in a conversation with a clergyman/counselor. A ruling admitting the testimony is alternatively challenged as violating either the priest-penitent privilege or the counselor-client privilege under Iowa Code section 622.10 (1997). The trial court concluded the conversation was not privileged. The court of appeals majority found that, although the conversation was privileged, the conviction should be affirmed because the challenged evidence was merely cumulative and therefore not prejudicial. We do not reach the question of prejudice and affirm the trial court because we also find the admissions were not privileged.

Defendant John Michael Richmond and Robyn Krell had an intimate relationship. Shortly after Krell ended it, Richmond appeared at her residence, threatened her with a knife and forced her to have sex. Afterwards Richmond stated, "I might as well call the police and turn myself in." He then began to talk to Krell about getting counseling. She first suggested a crisis center which Richmond called. He told someone at the center that he had raped and tried to kill his wife. He did not give his name. The person at the center told him to call a second such facility. Richmond did so and identified himself as "John." He told them that he had forced his girlfriend to have sex with him at knife point. He made an appointment with the second facility but did not keep it.

Richmond then called Fr. Dick Osing, whom he had hired several months previously for counseling on a matter not involved in this prosecution. Osing is a full-time Episco-

pal priest and a part-time unlicensed marriage and family counselor. Following the assault, Richmond again called Fr. Osing and made an appointment for later the same day. Fr. Osing and Richmond met at Osing's church. No one else was present.

As a result of the attack, Richmond was charged with second-degree sexual abuse in violation of Iowa Code sections 709.1(1) and 709.3(1). At trial Fr. Osing was called as a prosecution witness and recited what Richmond had related to him regarding the assault. Richmond was convicted and brought this appeal assigning reception of Fr. Osing's testimony as sole error.

■ I. Because evidentiary privilege in Iowa is based on statute, our review is on error. Iowa R.App. P. 4. But, significantly, a trial determination on whether or not privilege attaches to a particular conversation is discretionary. *State v. Burkett*, 357 N.W.2d 632, 637 (Iowa 1984).

■ II. Case law has long reflected a tension between the public's need for evidence in the truth-seeking process, and its need for comfortable passing of information between persons in the relationships contemplated in the various privileges. We start with the basic assumption that there is a general duty to give what testimony one is capable of giving. *Jaffee v. Redmond*, 518 U.S. 1, 9, 116 S.Ct. 1923, 1928, 135 L.Ed.2d 337, 344 (1996) (quoted sources omitted). The common law principles underlying the recognition of testimonial privileges can be stated simply, "for more than three centuries it has now been recognized as a fundamental maxim that the public ... has a right to every man's evidence." *Id.*

Early statutory forms of the priest-penitent privilege limited the privilege to people whose faith recognized penitential communications as part of the discipline of their church. *McCormick on Evidence* § 76.2, at 184 (3d ed.1984). Such a restricted view no longer prevails. Many states have broadened their statutes to extend the privilege comparable to the Revised Uniform Rule of Evidence 505 (1974), which includes, "confidential communication[s] by a person to a clergyman in his professional character as a

spiritual advisor." *Id.* (quoting Revised Uniform Rule of Evidence 505 (1974)).

 We have said that in order to determine whether a communication to a member of the clergy falls within the purview of section 622.10, the communication must be: (1) confidential; (2) entrusted to a person in his or her professional capacity; and (3) necessary and proper for the discharge of the function of the person's office. *State v. Alspach,* 524 N.W.2d 665, 668 (Iowa 1994) (citing *State v. Deases,* 518 N.W.2d 784, 787 (Iowa 1994)). The State does not contest that the first element, confidentiality, has been met, but argues that Richmond's statements to Fr. Osing were not made in Osing's professional capacity as a priest, therefore there was no privilege.

We agree there is a glaring hole in Richmond's claim that he directed his remarks to Fr. Osing in the latter's capacity as a priest. The record strongly supports the trial court's finding that Richmond did not consult Fr. Osing in his priestly capacity. Richmond himself concedes that it was not for any spiritual reason but for advice on his relationship with Krell. Fr. Osing testified he was under the same impression. The claim of priest-penitent privilege thus fails.

This holding should not be understood as an abandonment of a properly invoked claim of the priest-penitent privilege. It is highly risky for prosecutors to bolster a case by resorting to evidence that is subject to such a claim.

III. Nor can Richmond prevail on his claim that his conversation was protected under a counselor-client privilege. We take a limited view on who qualifies as a "counselor" under Iowa Code section 622.10, and are not anxious to expand on the category in the absence of legislative mandate. *In re Marriage of Gaumer,* 303 N.W.2d 136, 138–39 (Iowa 1981). Fr. Osing did not offer his services as a certified professional. He conceded: "You cannot now in the State of Iowa call yourself a marriage and family therapist unless you are licensed and I do not have that license."

Any privilege must fall under Iowa Code section 622.10 which is labeled "Communications in Professional Confidence—Exceptions—Application to Court." Informal unlicensed counseling does not apply. The trial court correctly concluded that Richmond failed to show he was entitled to rely on Fr. Osing to hold his communications in professional confidence as a counselor.

Richmond thus fails in his challenge to the testimony on the basis of either statutory privilege. His conviction is affirmed.

**DECISION OF COURT OF APPEALS AND DISTRICT COURT JUDGMENT AFFIRMED.**