# IN THE COURT OF APPEALS OF IOWA

No. 13-1231
Filed October 15, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ERIC WILLIAM WEEKS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Mark R. Lawson (jury

trial) and Nancy S. Tabor (guilty plea), Judges.


        Defendant appeals his convictions for two counts of second-degree sexual

abuse, two counts of third-degree sexual abuse, and two counts of lascivious

acts with a child.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Robert P. Ranschau,

Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Sheryl A. Soich, Assistant Attorney

General, Michael J. Walton, County Attorney, and Melissa Zaehringer, Assistant

County Attorney, for appellee.


        Considered by Danilson, C.J., Bower, J., and Miller, S.J.*  Tabor, J., takes

no part.

        Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**MILLER, S.J.**

Defendant appeals his convictions for two counts of second-degree sexual abuse, two counts of third-degree sexual abuse, and two counts of lascivious acts with a child. The district court did not abuse its discretion in determining the statements of a pastor were not inadmissible under the pastoral privilege because the statements were made to the pastor as a friend and not in his professional capacity. The court did not abuse its discretion in permitting a witness to testify to inextricably intertwined evidence. The court did not abuse its discretion in overruling defendant's motion for new trial. Furthermore, the court did not abuse its discretion in sentencing the defendant. We affirm defendant's convictions.

## I.      Background Facts & Proceedings

The daughter of Eric Weeks, M.W., testified Weeks started touching her chest and vagina when she was eight or nine years old, and began having intercourse with her when she was ten. She additionally testified to hand to genital contact and mouth to genital contact. She stated these activities occurred frequently over the course of several years. On one occasion, Weeks had sex with M.W.'s step-sister, K.H., while M.W. watched, then Weeks had sex with M.W. while K.H. watched.

Weeks was charged with two counts of second-degree sexual abuse, in violation of Iowa Code section 709.3(2) (2011), two counts of third-degree sexual abuse, in violation of section 709.4(2)(b), and two counts of lascivious acts with a child, in violation of section 709.8(1), (2), based on his activities with M.W.

Prior to trial, Weeks sought to exclude the testimony of Todd Hunter, a pastor, based on the pastoral privilege found in section 622.10(1). Hunter testified at a hearing that he and Weeks did not talk about religious matters, but they were "two cycling buddies talking." Aside from one text when Weeks stated, "Please say a prayer for me today. I can't take the pain. Maybe he will listen to you," Hunter stated "at no point in time was Eric interested in bowing his head and praying or having me say a prayer for him." The district court determined Weeks's conversations with Hunter were not protected by the pastoral privilege in section 622.10(1).

The State filed a motion asserting that under the doctrine of inextricably intertwined evidence K.H. should be permitted to testify to her history of sexual abuse by Weeks, which the State argued would help the jury understand why K.H. was present on one occasion when Weeks engaged in a sex act with M.W. The present case involved only M.W.; the charges against Weeks concerning his activities with K.H. had been severed. The district court ruled K.H. could testify Weeks committed a sex act with her at the same time he committed a sex act with M.W. because this was inextricably intertwined testimony. The court determined, however, "the State may not use evidence of *other* sex abuse of a witness who is not involved in the trial to 'complete the story.'"

A jury trial commenced on May 20, 2013. M.W. and K.H. testified as outlined above. Hunter testified Weeks told him that one time he and M.W. were in a hotel room when they went out of town to a sporting event, "and then things got out of control," or "out of hand." He also told Hunter, "Some of these

allegations are true, but not all of them." The mother of M.W. testified Weeks told her that one time when he was in a hotel room with M.W., "a line had been crossed." She also testified Weeks told her he felt like he was helping to keep M.W. safe, "by her being with him rather than with boys her own age."

The jury found Weeks guilty of two counts of sexual abuse in the second degree, two counts of sexual abuse in the third degree, and two counts of lascivious acts with a child. Weeks filed a motion for new trial, claiming the verdicts were contrary to the weight of the evidence. He also challenged the district court's rulings on his motion to exclude the testimony of Hunter and the State's motion to include the intrinsically intertwined evidence of K.H. The court denied his motion for new trial. Weeks was sentenced to forty-five years in prison.[1] He now appeals his convictions and the resulting sentences.

## II. Pastoral Privilege

Weeks contends the district court erred in ruling that his statements to Pastor Hunter were not protected by the pastoral privilege found in section 622.10(1). This section provides:

> [A] member of the clergy shall not be allowed, in giving testimony, to disclose any confidential communication properly entrusted to the person in the person's professional capacity, and necessary and proper to enable the person to discharge the functions of the person's office according to the usual course of practice or discipline.

Iowa Code § 622.10(1). Weeks asserts he made statements to Hunter in his professional capacity as a pastor, and he meant those statements to be confidential. He claims he sought counsel from Hunter.

---

[1] Some of defendant's sentences for other offenses, involving other victims, were made consecutive to his sentences for the offenses on appeal here.

Our standard of review for a ruling on a statutory evidentiary privilege is for the correction of errors at law. *See State v. Anderson*, 636 N.W.2d 26, 30 (Iowa 2001). "Our standard of review for the admissibility of evidence alleged to be privileged is for an abuse of discretion." *Id.* There is an abuse of discretion when the court's discretion is exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *State v. Putnam*, 848 N.W.2d 1, 8 (Iowa 2014).

In considering whether statements made to a member of the clergy come under the statutory privilege found in section 622.10, the communication must be (1) confidential, (2) entrusted to a person in his or her professional capacity, and (3) necessary and proper for the discharge of the function of the person's office. *State v. Richmond*, 590 N.W.2d 33, 35 (Iowa 1999). Section 622.10 should be liberally construed in order to carry out its manifest purpose. *State v. Alspach*, 524 N.W.2d 665, 668 (Iowa 1994).

At the hearing on Weeks's motion to exclude the testimony of Hunter, Hunter testified he and Weeks became acquainted through a bicycling group. He stated Weeks was not a member of his church and Weeks had specifically told him, "he didn't want to ever talk about church and he didn't want to talk about religion and he didn't want to talk about God." On one Sunday, shortly before he was arrested, Weeks attended a church service, but did not talk to Hunter at that time. At one point Weeks sent Hunter a text stating, "Please say a prayer for me today. I can't take the pain. Maybe he will listen to you." Later on that day, Weeks's mother called Hunter and said Weeks was feeling suicidal so Hunter

went to Weeks's parents' house, where he was staying. Hunter stated that during their discussion, "God never once was talked about, religion was never once talked about, church was never once talked about, praying was never once talked about." He also stated, "We sat and talked like two cycling buddies."

We conclude the district court did not abuse its discretion in determining Hunter's statements were not inadmissible under the pastoral privilege found in section 622.10. The evidence shows Hunter was not acting as a pastor when Weeks talked to him. According to Hunter's testimony, Weeks never sought spiritual advice from Hunter. Weeks's statements were not entrusted to Hunter in his professional capacity. Furthermore, the conversations were not necessary and proper for the discharge of the pastor's office because he was not functioning as a pastor during their conversations but rather as a friend.

## III. Inextricably Intertwined Evidence

Weeks contends the district court erred in allowing K.H. to testify she observed him having sexual intercourse with M.W. during the same occasion when he had sexual intercourse with K.H., under the doctrine of inextricably intertwined evidence. He asserts it would not have rendered K.H.'s testimony "unintelligible, incomprehensible, confusing, or misleading," if she had merely testified to what she had observed, without also stating she had sexual intercourse with Weeks at that time. Weeks claims the evidence concerning K.H. was unduly prejudicial.

We review a district court's evidentiary rulings for an abuse of discretion. *Putnam*, 848 N.W.2d at 8. "Even if a trial court has abused its discretion, prejudice must be shown before we will reverse." *Id.*

"The inextricably intertwined doctrine holds other crimes, wrongs, or acts evidence that is inextricably intertwined with the crime charged is not extrinsic evidence but, rather, intrinsic evidence that is inseparable from the crime charged." *State v. Nelson*, 791 N.W.2d 414, 420 (Iowa 2010). It provides a narrow exception to Iowa Rule of Evidence 5.404(b), prohibiting the admission of evidence of other crimes, wrongs, or acts. *Id.* at 423. Evidence is admissible under the inextricably intertwined doctrine only "to complete the story of what happened when the other crimes, wrongs, or acts evidence is so closely related in time and place and so intimately connected to the crime charged that it forms a continuous transaction." *Id.* Furthermore, the evidence is admissible only "when a court cannot sever this evidence from the narrative of the charged crime without leaving the narrative unintelligible, incomprehensible, confusing, or misleading." *Id.* Because rule 5.404(b) is not applicable, the evidence is admitted "without limitation and irrespective of its unfair prejudice or its bearing on the defendant's bad character." *Id.* at 420.

We determine the district court did not abuse its discretion in permitting K.H. to testify Weeks engaged in a sex act with her just before she observed Weeks engaging in a sex act with M.W. The evidence was closely related and so intimately connected to the allegation Weeks had sexual intercourse with M.W. at the same time and place that it formed a continuous transaction. If K.H.

had testified she observed Weeks and M.W. engaging in sexual intercourse, without also testifying Weeks engaged in sexual intercourse with her in the same bedroom and with M.W. present immediately previous to this, her testimony would have been unintelligible, incomprehensible, confusing, or misleading because of questions of how she happened to be present during this incident and why Weeks permitted her to observe the incident. We note the district court denied the State's request to permit K.H. to testify about her history of sexual abuse by Weeks, and the court carefully limited K.H.'s testimony to the incident when she observed Weeks engaging in a sex act with M.W.

## IV. Motion for New Trial

Weeks claims the district court should have granted his motion for a new trial. He argues the jury's verdicts were contrary to the weight of the evidence. He asserts the testimony of M.W. was not credible because of discrepancies in her statements. He points out she did not initially tell law enforcement officers that the intercourse occurred in locations within the house other than her bedroom. He also notes she was vague concerning the frequency of her sexual contact with Weeks.

A new trial should be granted when the jury's verdict is contrary to the weight of the evidence. *State v. Ellis*, 578 N.W.2d 655, 659 (Iowa 1998). The court may weigh the evidence and consider the credibility of witnesses. *Id.* at 658. A new trial should be granted only in exceptional cases where the evidence preponderates heavily against the verdict. *State v. Serrato*, 787 N.W.2d 462, 472 (Iowa 2010). We review a district court's decision on a motion for new trial

for an abuse of discretion. *See State v. Thompson*, 836 N.W.2d 470, 491 (Iowa 2013).

The greater weight of the evidence presented during the trial preponderated in favor of the jury's verdicts. M.W. provided credible testimony about the sexual abuse by Weeks. Her testimony was corroborated by the testimony of K.H. that she observed Weeks having sexual intercourse with M.W. Her testimony was furthermore corroborated by that of her younger brother, who testified he had observed Weeks coming out of M.W.'s room on occasion. M.W.'s mother testified Weeks and M.W. would sometimes stay in a hotel out of town when M.W. was attending a sporting event. The mother also testified Weeks had told her, "a line had been crossed," with M.W. In addition, Hunter testified Weeks told him, "things got out of control," or "out of hand," once when he stayed in a hotel with M.W. Weeks also told Hunter, "Some of these allegations are true, but not all of them." We conclude the district court did not abuse its discretion in denying Weeks's motion for new trial.

## V.    Sentencing

Weeks claims the district court abused its discretion in sentencing him to a total of fifty-five years in prison.[2] He asserts that sentencing him here to lengthy consecutive sentences was a punitive measure and not a rehabilitative one. He asserts the court should not have sentenced him to consecutive sentences.

---

[2] For the offenses involving M.W., Weeks was sentenced to terms totaling forty-five years in prison. On appeal, he also challenges the sentences he received for offenses involving other victims, which are to be served consecutively to his sentences for the offenses involving M.W.

Our review of a district court's sentencing decision is for the correction of errors at law. *State v. Rodriguez*, 804 N.W.2d 844, 848 (Iowa 2011). "We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure." *State v. Hennings*, 791 N.W.2d 828, 833 (Iowa 2010). A court's "sentencing decision enjoys a strong presumption in its favor." *State v. Jose*, 636 N.W.2d 38, 41 (Iowa 2001).

In sentencing a defendant a court should consider the defendant's age, prior record of convictions, employment, family circumstances, the nature of the offense, and other appropriate reasons. Iowa Code § 907.5. The court should craft a sentence that "will provide maximum opportunity for the rehabilitation of the defendant and protection of the community from further offenses by the defendant and others." *Id.*

The district court gave several reasons for Weeks's sentences in this case. The court stated, "community protection, and particularly the protection of minors you would come into contact with, is also a significant factor in the Court's sentencing decision." The court also noted defendant's age, his criminal history, his need for substantial and prolonged treatment for sexual addiction, the harm he caused family members, and the recommendation of the presentence investigation report. In imposing consecutive sentences, the court noted the long-standing and persistent nature of the sexual abuse. We determine the district court did not abuse its discretion in sentencing Weeks.

We affirm Weeks's convictions.

**AFFIRMED**.