**STATE of Iowa, Appellee,**

v.

**Tony Augustus MALLETT, Appellant.**

**No. 02–1675.**

Supreme Court of Iowa.

April 7, 2004.

Linda Del Gallo, State Appellate Defender, and James G. Tomka, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Cristen C. Odell, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Kimberly Griffith, Assistant County Attorney, for appellee.

LARSON, Justice.

Tony Mallett was convicted of second-degree robbery as an habitual offender. He was sentenced and then appealed. While the appeal was pending, Mallett filed a motion for new trial on the ground he had not been arraigned in the case that was on appeal. The district court denied the motion. We hold the district court was deprived of jurisdiction to rule on the motion for new trial because of Mallett's pending appeal and therefore vacate the district court's order.

On July 30, 2001, the Black Hawk County attorney amended an earlier county attorney information that had charged Mallett with burglary and possession of a controlled substance. The amendment added a charge of second-degree robbery as an habitual criminal. Although Mallett had been arraigned on the original charges, for some reason he was not arraigned on the new charge. Mallett pled guilty to the original charges. The charge of second-degree robbery as an habitual criminal, the new charge, was tried to a jury. The defendant was convicted, and he was sentenced on October 1, 2001. He filed a notice of appeal on October 10, 2001. In that appeal, Mallett raised issues of ineffective assistance of counsel, but he did not raise the arraignment issue. His conviction was affirmed by the court of appeals on December 11, 2002.

■ On September 6, 2002, while the appeal was pending, he filed a motion for new trial in the district court on the ground of newly discovered evidence. He claimed he had just become aware of the fact there had been no arraignment in the case. The district court denied the motion, and Mallett filed the present appeal. The State moved to dismiss the appeal on the ground that an appellate court lacks jurisdiction to consider it. We ordered the motion to be submitted with the appeal. We do not dismiss the appeal because the issue is not a lack of jurisdiction in this court but rather the lack of jurisdiction of the district court.

■ Generally, an appeal divests a district court of jurisdiction. *State v. Jose*, 636 N.W.2d 38, 46 (Iowa 2001); *Shedlock*

*v. Iowa Dist. Ct.*, 534 N.W.2d 656, 658 (Iowa 1995). Restoration of district court jurisdiction may be accomplished by only two means: the litigants' stipulation for an order of dismissal or an appellate court's order for limited remand. *Shedlock*, 534 N.W.2d at 658. Neither means applies here. However, a district court maintains jurisdiction over disputes between the parties that are merely collateral to the issues on appeal. *Id.* An example of a collateral matter as to which a trial court retains jurisdiction is the modification of an order for restitution in a criminal case. *Jose*, 636 N.W.2d at 46.

Mallett contends his motion in district court should not be subjected to the general rule because it raised an issue not involved in his original appeal: the failure of the State to arraign him on the amended charge. We disagree; the whole thrust of his motion was to get a new trial, which would vitiate the case then on appeal. It was, therefore, not merely collateral. We conclude the district court lacked jurisdiction to enter a ruling on his motion and therefore vacate that order.

**ORDER OF DISTRICT COURT VACATED.**