# IN THE COURT OF APPEALS OF IOWA

No. 13-1567
Filed November 26, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**LON ROBERT TULLAR,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg, Judge.

Lon Tullar appeals his conviction and sentence on one charge of assault on a peace officer. **AFFIRMED.**

Lon R. Tullar, Ankeny, appellant pro se.

Thomas J. Miller, Attorney General, Alexandra Link, Assistant Attorney General, John P. Sarcone, County Attorney, and Justin Allen, Assistant County Attorney, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**POTTERFIELD, J.**

Lon Tullar appeals his conviction and sentence on one charge of assault on a peace officer.

## I. Factual and Procedural Background

After dark on February 5, 2013, a police officer responded to a call reporting a man walking in the traffic lane of the highway. The officer found Tullar walking in the traffic lane as reported, pulled his patrol car over, and asked Tullar to step out of the road. The two had a short conversation on the side of the road in which Tullar was uncooperative. After conversing for about one minute, Tullar suddenly lunged towards the officer, reaching for the officer's neck or shoulders with both hands. The officer was surprised but reacted quickly, pushing Tullar's hands away from him. He then immediately placed Tullar under arrest. The officer's dash camera captured video footage of the incident.

On June 4, 2013, Tullar was found guilty by a jury—which viewed the video of the incident—of assault on a peace officer pursuant to Iowa Code section 708.3A(4) (2011).[1] Sentencing was scheduled for July 16, 2013. Tullar requested a continuance of the sentencing twice, and both requests were granted. He filed a motion in arrest of judgment and a motion for a new trial on September 27, 2013. Sentencing and a hearing on the motions occurred on October 4, 2013. The court orally denied the motions and sentenced Tullar to a

---

[1] "[A]ssault, as defined in section 708.1, committed against a peace officer . . . by a person who knows that the person against whom the assault is committed is a peace officer . . . is a serious misdemeanor." Iowa Code § 708.3A(4). "A person commits an assault when, without justification, the person does . . . [a]ny act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act . . . ." Iowa Code § 708.1.

sixty-day term with all but ten days suspended, one year of probation, a fine, and court costs. The written sentencing order was filed that same day without any mention of the posttrial motions, and Tullar filed his notice of appeal. The district court then issued a written ruling summarily denying the posttrial motions on November 22, 2013. Tullar filed a second notice of appeal from the written ruling. Our supreme court granted his motion to join the two appeals into the single appeal that is now before us.

## II. Scope and Standard of Review

Questions of jurisdiction are reviewed for errors at law. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

We review the district court's denials of the motion in arrest of judgment and the motion for a new trial for abuse of discretion. *State v. Smith*, 753 N.W.2d 562, 564 (Iowa 2008); *State v. Reeves*, 670 N.W.2d 199, 202 (Iowa 2003). A district court abuses its discretion when it exercises its discretion on grounds clearly untenable or unreasonable. *Smith*, 753 N.W.2d at 564.

Tullar challenges the denial of his motion for a new trial on all five discrete bases upon which the motion was presented to the trial court. We review each basis on its applicable standard of review. If any of the bases reveal the district court erred, the denial of the motion was an abuse of discretion because an erroneous application of the law renders a ruling untenable. *See id.*

Tullar's first two claims allege errors at law. We review his claim that the verdict was contrary to the weight of the evidence for abuse of discretion. *Id.* His challenge to jury instructions is reviewed for errors at law. *State v. Becker*, 818 N.W.2d 135, 140 (Iowa 2012). Insofar as he claims the trial court should have

given a different and particular instruction, we review for abuse of discretion. *Id.* Insofar as the jury instruction challenge concerns the defendant's constitutional rights, we review de novo. *Id.* at 141. Tullar's final basis for his motion for a new trial is a deprivation of a fair and impartial proceeding due to an alleged violation of his constitutional rights. We review claims of constitutional violations de novo. *State v. Ochoa*, 792 N.W.2d 260, 264 (Iowa 2010).

We review a challenge to the legality of a sentence for errors at law. *Tindell v. State*, 629 N.W.2d 357, 359 (Iowa 2001).

**III. Discussion**

A. Written Ruling on Posttrial Motions

First, both parties assert the district court lacked jurisdiction to enter its November 22, 2013 order because a notice of appeal had already been filed on October 4, 2013. "Generally, an appeal divests a district court of jurisdiction." *State v. Mallett*, 677 N.W.2d 775, 777 (Iowa 2004). Because the written order simply confirmed the previous oral order, without modification or explanation, the district court was permitted to enter the order to complete the court file. *See id.* (holding district court retains jurisdiction to modify a restitution order after a notice of appeal has been filed). In reviewing the district court's disposition on the posttrial motions, we rely on its oral denials as confirmed by the written order.

B. Motion in Arrest of Judgment[2]

A motion in arrest of judgment "shall be granted when upon the whole record no legal judgment can be pronounced." Iowa R. Crim. P. 2.24(3)(a). Tullar claims no legal judgment can be pronounced due to a "lack of credible substantial evidence."[3] Substantial evidence is that which would convince a rational fact finder of the defendant's guilt beyond a reasonable doubt. *State v. Williams*, 695 N.W.2d 23, 27 (Iowa 2005). We find the video recording of the incident and the officer's testimony constitute substantial evidence to support the guilty verdict. Tullar's claim that the record does not support a finding that he injured or intended to injure the officer is not persuasive. Tullar needed only to intend to make physical contact with the officer if that contact would be insulting or offensive. The recording makes clear that the contact was intentional, belligerent, and insulting or offensive. We affirm the denial of the motion in arrest of judgment.

---

[2] The State asserts Tullar has not preserved error on his motion in arrest of judgment and motion for a new trial because the motions were not filed timely. However, because the district court issued a ruling on the merits of the motions, they are now properly before us. "Where the trial court's ruling, as here, expressly acknowledges that an issue is before the court and then the ruling necessarily decides that issue, that is sufficient to preserve error." *Lamasters v. State*, 821 N.W.2d 856, 864 (Iowa 2012). We therefore consider the merits of Tullar's claims on appeal.

[3] Iowa cases have held "[a] motion in arrest of judgment may not be used to challenge the sufficiency of the evidence." *See State v. Dallen*, 452 N.W.2d 398, 398 (Iowa 1990). However, there is some indication in our jurisprudence that a motion in arrest of judgment is to be reviewed on appeal for "substantial evidence supporting the findings and conclusion reached by the trial court." *State v. Hellickson*, 162 N.W.2d 390, 394 (Iowa 1968).

C. Motion for New Trial

Tullar asserts five grounds upon which the district court should have granted his motion for a new trial.

*1. Error at Law.* Tullar first claims the district court should have granted his motion for a new trial based on legal error. Iowa Rule of Criminal Procedure 2.24(2)(b)(5) permits defendants to move for a new trial "[w]hen the court has erred in the decision of any question of law during the course of the trial." He asserts the district court erred at law by denying his two motions for judgment of acquittal made at trial, one after the State's case in chief and the second following Tullar's evidence.

The district court did not err in denying the motions for judgment of acquittal since there was substantial evidence before the jury to support a finding of guilt. *See Williams*, 695 N.W.2d at 28 ("Evidence is sufficient to withstand a motion for judgment of acquittal when . . . there is substantial evidence in the record to support a finding of the challenged element.").[4] Because the district court did not err in its rulings on the motions for judgment of acquittal, it properly denied the motion for a new trial based on the assertion of such an error.

*2. Verdict Contrary to Law.* Tullar next claims the district court should have granted his motion for a new trial because the verdict was contrary to the

---

[4] In his brief, Tullar conflates the weight-of-the-evidence standard employed to evaluate motions for a new trial with the sufficiency-of-the-evidence standard—i.e. substantial evidence—used to evaluate motions for judgment of acquittal. *Compare State v. Nitcher*, 720 N.W.2d 547, 559 (Iowa 2006) (remanding for application of the weight-of-the-evidence standard to a motion for a new trial), *with Williams*, 695 N.W.2d at 28 (reviewing denial of motion for judgment of acquittal using the sufficiency-of-the-evidence standard). We must apply the *sufficiency*-of-the-evidence standard to determine whether an error of law occurred in the district court's denial of Tullar's motions for judgment of acquittal.

law.  Rule 2.24(2)(b)(6) permits defendants to move for a new trial "[w]hen the verdict is contrary to law or evidence."[5]  The phrase "contrary to law" means "contrary to principles of law as applied to facts or issues which the jury was called upon to try."  *State v. Still*, 208 N.W.2d 887, 890 (Iowa 1973).  "Our function is merely to determine whether the correct legal standards have been applied to [the] facts."  *State v. Irvin*, 334 N.W.2d 312, 315 (Iowa Ct. App. 1983).

Tullar asserts the jury's verdict was contrary to the legal requirement of specific intent.[6]  We find the verdict is consistent with the jury's conclusion that Tullar committed an assault by acting with specific intent to make physical contact that would be either insulting or offensive.  There is no evidence the jury did not understand the jury instruction regarding specific intent or failed to apply it correctly.  The district court properly denied the motion for a new trial based on a verdict contrary to law.

*3. Verdict Contrary to Evidence.*  Tullar also claims the verdict was contrary to the evidence, which our supreme court has interpreted to mean a verdict that is "contrary to the weight of the evidence."  *Reeves*, 670 N.W.2d at 202.  The weight of the evidence is determined by considering all the evidence as well as the credibility of witnesses.  *Id.*  When taken together, if "a greater

---

[5] Our jurisprudence considers a verdict contrary to law with far less frequency than one contrary to the weight of the evidence.  In his argument about the verdict running contrary to the law, Tullar only cites case law regarding a verdict contrary to evidence.

[6] "[T]he crime of assault includes a specific intent element."  *State v. Fountain*, 786 N.W.2d 260, 265 (Iowa 2010).  The jury was instructed: "'[S]pecific intent' means . . . [acting] was a specific purpose in mind."  According to the jury instructions on the relevant element of the crime, the jury could have found specific intent satisfied in any one of four ways: Tullar acted with intent to (1) cause pain; (2) cause injury; (3) make insulting physical contact; or (4) make offensive physical contact.  The jury was further instructed to "consider the facts and circumstances surrounding the act to determine the defendant's specific intent."  It was further instructed, "You may, but are not required to, conclude a person intends the natural results of his or her acts."

amount of credible evidence supports one side of an issue or cause than the other," the court should grant a motion for new trial. *Id.*

The video recording of the incident and the testimony of the officer constitute ample credible evidence that weighs in favor of the jury's verdict. Tullar did not testify but asserts on appeal the record demonstrates he lacked intent to cause harm to the officer and experienced an involuntary loss of balance. Intent to cause harm is not a necessary element of the crime, and the video recording belies his claim of loss of balance. The district court did not abuse its discretion in denying the motion for a new trial on this basis of the weight of the credible evidence.

*4. Jury Instruction.* Tullar next contends the district court was required to grant his motion for a new trial because it declined to instruct the jury according to the reasonable doubt jury instruction he proposed. He claims the instruction given, which was the former uniform jury instruction on reasonable doubt, was constitutionally infirm—a violation of his due process guarantees of the United States Constitution. Rule 2.24(2)(b)(7) permits defendants to move for a new trial "[w]hen the court has refused properly to instruct the jury."

"[T]he court is not required to give any particular form of an instruction; rather, the court must merely give instructions that fairly state the law as applied to the facts of the case." *State v. Marin*, 788 N.W.2d 833, 838 (Iowa 2010). "Our review is to determine whether the challenged instruction accurately states the law and is supported by substantial evidence." *State v. Hanes*, 790 N.W.2d 545,

548 (Iowa 2010).[7] "When reviewing jury instructions, we consider them as a whole, not separately." *Becker*, 818 N.W.2d at 141.

The reasonable doubt instruction given to the jury in this case fairly and accurately states the law as applied to the facts of this case.[8] Our supreme court has explicitly found the instruction used to be proper. *See State v. Frei*, 831 N.W.2d 70, 78–79 (Iowa 2013). The court was under no obligation to accept Tullar's proposed instruction or include any particular language in its final instruction. The district court properly denied the motion for a new trial on the basis of allegedly infirm jury instructions.

*5. Fair Trial.* Tullar's final argument regarding his motion for a new trial is that he was denied a fair trial. Rule 2.24(2)(b)(9) permits defendants to move for a new trial when "the defendant has not received a fair and impartial trial." Tullar asserts the officer violated his state and federal constitutional protections against

---

[7] Tullar misrepresents the law when he claims the State must prove a lack of prejudice beyond a reasonable doubt. It is true "[w]hen an error is of a constitutional dimension, the State must show beyond a reasonable doubt the error did not result in prejudice." *Hanes*, 790 N.W.2d at 550. However, Tullar must first establish a predicate error before the burden shifts to the State. If the jury instruction is not legally erroneous, the question of prejudice is not raised. *See id.* (finding the jury instruction improper, then considering whether prejudice resulted from the improper instruction). The State has no obligation to demonstrate a lack of prejudice in this case because the instruction was not erroneous.

[8] The jury instruction on reasonable doubt stated:

> The burden is on the State to prove the defendant guilty beyond a reasonable doubt.
>
> A reasonable doubt is one that fairly and naturally arises from the evidence in the case, or from the lack or failure of evidence produced by the State. If, after a full and fair consideration of all the evidence, you are firmly convinced of the Defendant's guilt, then you have no reasonable doubt and you should find the Defendant guilty.
>
> But if, after a full and fair consideration of all the evidence or lack of evidence produced by the State, you are not firmly convinced of the Defendant's guilt, then you have a reasonable doubt and you should find the Defendant not guilty.

unreasonable seizures during the incident on February 5, 2013. *See* U.S. Const. amend. IV; Iowa Const. art. 1, § 8.

Tullar's argument fails to bridge the gap between an allegation of a constitutional violation by the officer and the fairness and impartiality of the trial proceeding afforded to him by the district court.[9] He asserts the officer subjected him to an unconstitutional seizure when the officer stopped him and asked him to step out of the road. He argues the seizure was a violation of his "constitutional right to privacy" but cites no case law to support his characterization of the incident. He failed to raise this argument at trial and includes in his motion for new trial the bare assertion that the officer's alleged violation of his constitutional protections renders his trial proceeding unfair.

The trial record shows Tullar had the benefit of a fair and impartial proceeding. The trial court properly denied the motion for a new trial based on this previously unasserted allegation of a violation of Tullar's constitutional "right to privacy."

None of Tullar's five arguments on his appeal of the denial of his motion for a new trial demonstrate any erroneous application of the law that would render the denial untenable. The district court therefore did not abuse its discretion by denying the motion for a new trial. We affirm.

---

[9] The State, in an attempt to reconcile Tullar's constitutional claim with his assertion of an unfair trial, hypothesized that Tullar intended to claim the alleged constitutional violation necessitated suppression of vital evidence, the admission of which resulted in an unfair trial. In his reply, Tullar denies this is the nature of his claim but nevertheless fails to elucidate how the alleged constitutional violation had an effect on the fairness of the trial. Tullar raised no constitutional claim against the officer at trial. A motion for a new trial is not the proper vehicle in which to raise a general and untimely issue of unreasonable seizure.

D. Legality of Sentence

Lastly, Tullar challenges the district court's sentence. He first asserts the district court's oral sentencing is inconsistent with the written judgment entry. After careful review of Tullar's appellate brief and reply brief, we note he has not in fact identified any discrepancies between the two. The written judgment reflects the same sentence imposed orally: incarceration not to exceed sixty days, all but ten days suspended, one year of probation, a fine, and court costs. The oral and written sentences are consistent.

Tullar further alleges the district court's sentence is illegal because it was partially predicated upon the provision of "reasonable protection of the public and an opportunity for any rehabilitation." He claims there is no evidence he poses a danger to the public, but he fails to recognize that the assault of a police officer itself gives credence to the district court's reasoning. The sentence imposed was well within the statutory limit and is affirmed.

**IV. Conclusion**

We affirm the district court. The district court's written ruling on Tullar's posttrial motions stands to confirm its oral ruling. It did not abuse its discretion in denying Tullar's motion in arrest of judgment and motion for a new trial, nor was its sentence contrary to the law.

**AFFIRMED.**