# IN THE COURT OF APPEALS OF IOWA

No. 19-1844
Filed September 1, 2021

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**LINDSEY MARIE PERRY,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Johnson County, Deborah Farmer Minot, District Associate Judge.

Lindsey Perry appeals her conviction following a guilty plea. **APPEAL DISMISSED.**

Fred Stiefel, Victor, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., Schumacher, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**SCOTT, Senior Judge.**

Lindsey Perry appeals her conviction, following a guilty plea, of first-offense operating while intoxicated. The crime amounted to a serious misdemeanor, punishable by, among other things, a fine of $1250.[1] Iowa Code § 321J.2(3)(c). Perry's written guilty plea, a form, provided the maximum fine for serious misdemeanors was $1875. *See* Iowa Code § 903.1(1)(b) (providing fine for serious misdemeanors in the event a specific penalty is not provided).[2] Also, a box was checked next to "OWI 1st," and the fine listed in the "Additional minimum sentence" column was $1250. Lastly, the written plea noted the plea agreement called for a $1250 fine.

Based on the foregoing, Perry claims her plea was not knowing and voluntary because her written guilty plea incorrectly stated the maximum penalty for her serious misdemeanor offense was $1875, as opposed to $1250. She also claims her plea was not supported by a sufficient factual basis. She agrees error was not preserved on either claim because no motion in arrest of judgment was filed.[3] So she argues her counsel was ineffective in failing to file a motion in arrest

---

[1] "However, in the discretion of the court, if no personal or property injury has resulted from the defendant's actions, the court may waive up to six hundred twenty-five dollars of the fine when the defendant presents to the court a temporary restricted license issued pursuant to section 321J.20." Iowa Code § 321J.2(3)(c) (2019). The court may also order unpaid community service in lieu of all or a portion of the fine. *Id.* § 321J.2(3)(c)(2).

[2] Section 903.1(1)(b) was amended, effective July 15, 2020, to increase the maximum fine for serious misdemeanors to $2500. 2020 Iowa Acts ch. 24, § 46(1)(b).

[3] Perry filed a pro se motion in arrest of judgment and a pro se notice of appeal simultaneously. The district court concluded it lacked jurisdiction to consider the motion in arrest of judgement. *See State v. Mallett*, 677 N.W.2d 775, 776 (Iowa 2004) ("[A]n appeal divests a district court of jurisdiction."). Perry makes no claim she was not adequately advised of the consequences of not filing a motion in arrest

of judgment to challenge her plea. *See Treptow*, 960 N.W.2d at 109 ("We have allowed a defendant to indirectly challenge his guilty plea on appeal despite not filing a motion in arrest of judgment "if the failure to file a motion in arrest of judgment resulted from ineffective assistance of counsel." (citation omitted)).

The State responds Perry has no right of appeal because she pled guilty and lacks good cause. *See* Iowa Code § 814.6(1)(a)(3). We agree. *See Treptow*, 960 N.W.2d at 109 (finding a legally sufficient reason lacking because the court could not provide relief on appeal when defendant failed to file a motion in arrest of judgment). The State also asserts we have no authority to consider ineffective assistance claims on direct appeal. *See* Iowa Code § 814.7. We agree with that proposition as well. *See Treptow*, 960 N.W.2d at 109 ("[T]his court is without authority to decide ineffective-assistance-of-counsel claims on direct appeal."). We dismiss the appeal.

**APPEAL DISMISSED.**

---

of judgment and is thus excepted from the error-preservation requirement. *See State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021).