# IN THE SUPREME COURT OF IOWA

No. 22–0805

Submitted October 10, 2023—Filed February 9, 2024

**STATE OF IOWA,**

      Appellee,

vs.

**T.J.W.,**

      Appellant.

---

Appeal from the Iowa District Court for Scott County, Christine Dalton, District Associate Judge.

The defendant appeals a restitution order for pecuniary damages entered after the court had already dismissed and expunged all charges on completion of a deferred judgment. **WRIT OF CERTIORARI GRANTED; WRIT SUSTAINED.**

McDermott, J., delivered the opinion of the court, in which all justices joined.

Martha J. Lucey (argued), State Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Martha E. Trout (argued), Assistant Attorney General, for appellee.

**McDERMOTT, Justice.**

This case requires us to consider the point at which a criminal defendant becomes free from a court's further compulsions. A defendant with the initials T.J.W. (whom we'll refer to as "T.J.") pleaded guilty to criminal mischief. The court granted a deferred judgment and imposed a term of probation. Several months later, the court determined that T.J. had completed all the terms of the deferred judgment, so it entered an order dismissing and expunging the charge. Yet later that day, the court filed an order setting a hearing on restitution, and two months later ordered T.J. to pay over $6,000 in restitution to the victim. T.J. appeals, arguing that the court lacked the power to enter the restitution order after she had completed the deferred judgment and the court had dismissed and expunged the charge against her.

I.

In August 2021, T.J. pleaded guilty to criminal mischief in the fourth degree, a serious misdemeanor, after she vandalized two cars. The court granted a deferred judgment. As part of T.J.'s deferred judgment, the court placed her on unsupervised probation for one year. It also ordered T.J. to pay a $315 civil penalty (referred to as "category A" restitution) but stated that pecuniary damages were unknown at the time and that "[a] hearing will be set to determine [the] full amount of restitution to be imposed as a condition of probation." Although the order didn't include "category B" restitution (which includes, for instance, court costs and court-appointed attorney fees, but not pecuniary damages, *see* Iowa Code § 910.1(2) (2021)), it stated that T.J. had the reasonable ability to pay $100 in category B restitution. The order set a review hearing on the deferred judgment for February 2022.

In September 2021, the court set a hearing for October 28 to determine the amount of restitution. That hearing was continued to December 9. The record

is silent about whether a restitution hearing actually occurred on December 9 or, if it didn't, why it didn't. Regardless, the court entered no restitution order at that time.

On the morning of February 15, 2022, the court held its previously scheduled deferred judgment review hearing. We have no transcript from the hearing. The court thereafter entered an order that stated:

> Defendant has completed all terms and conditions of the [d]eferred [j]udgment. It is hereby ordered that the charge(s) should now be dismissed and expunged. All dismissed related charges shall now also be expunged. Defendant is hereby advised that the case will not be expunged until all monies owing have been paid in full.

(Emphasis omitted.) This order was filed at 1:32 p.m.

A little over two hours later, at 3:39 p.m., the court filed a separate order scheduling a restitution hearing for March 24. That hearing was held as scheduled. On April 8, the court entered an order imposing $6,067.44 in restitution to a victim named in the order. T.J. filed a notice of appeal challenging the restitution order.

II.

Defendants do not have a right of appeal from a restitution order imposed as part of a deferred judgment. *State v. Patterson*, 984 N.W.2d 449, 454 (Iowa 2023). We thus ordered the parties to brief whether another vehicle—certiorari or discretionary review—offers the appropriate means of appellate review in this case. *See* Iowa R. App. P. 6.108 (permitting an appeal to "proceed as though the proper form of review had been requested" when initiated incorrectly by a notice of appeal). Both parties agree that certiorari review is the proper path. In *State v. Patterson*, we observed that the legislature's recent amendments to Iowa's restitution laws include special provisions relating to appellate review of restitution orders. 984 N.W.2d at 454–55. Iowa Code § 910.3(10) describes how a court is

to determine restitution and how a defendant may challenge restitution orders, stating that "[a] permanent restitution order entered after the time of sentencing shall only be challenged pursuant to section 910.7."

The April 8 restitution order at issue in this appeal—entered after dismissal and expungement of the only criminal charge in the case—necessarily was entered "after the time of sentencing," *id.*, since sentencing can't occur after a charge has been dismissed and expunged. So we turn to Iowa Code § 910.7(5), which states that "[a]ppellate review of a district court ruling under this section shall be by writ of certiorari." A writ of certiorari is thus the appropriate form of appellate review for T.J.'s challenge to the restitution order in this case. *See Patterson*, 984 N.W.2d at 454–55.

### III.

T.J. argues that the court lacked both subject matter jurisdiction and authority to impose the restitution order after the court had dismissed and expunged the charge, rendering the restitution order void. The State, conversely, argues that the court had jurisdiction because the dismissal and expungement order by its terms did not take effect until "all monies owing ha[d] been paid in full." The State further argues that the court had authority because authority may be waived, and T.J. failed to challenge the court's authority to order restitution at the hearing, thus waiving the claim.

We begin with the question of jurisdiction. The Iowa Constitution grants courts "jurisdiction in civil and criminal matters arising in their respective districts, in such manner as shall be prescribed by law." Iowa Const. art. V, § 6. The Iowa Code grants district associate judges jurisdiction in cases involving "indictable misdemeanors, class 'D' felony violations, and other felony arraignments." Iowa Code § 602.6306(2). All orders entered in this matter—involving a

misdemeanor charge—were entered by the district associate court. Lack of subject matter jurisdiction can be raised at any stage of the proceedings. *State v. Mandicino*, 509 N.W.2d 481, 482 (Iowa 1993).

An order is void if the court lacked jurisdiction when the order was entered. *See Ronnfeldt v. Shelby Cnty. Chris A. Myrtue Mem'l Hosp.*, 984 N.W.2d 418, 429 (Iowa 2023). A court can lose jurisdiction over a matter in multiple ways. An appeal, for instance, terminates a district court's jurisdiction over the merits of a controversy. *State v. Mallett*, 677 N.W.2d 775, 776 (Iowa 2004); *cf. State v. Formaro*, 638 N.W.2d 720, 727 (Iowa 2002) (explaining that jurisdiction remains after an appeal only for collateral matters between the parties that are themselves separately appealable as final judgments). Jurisdiction of an appellate court similarly ceases when the court issues procedendo. *In re M.T.*, 714 N.W.2d 278, 282 (Iowa 2006). A plaintiff's voluntary dismissal in a civil case ordinarily deprives the court of jurisdiction "in the sense that it eliminates a live case or controversy for the court to exercise authority over." *Ronnfeldt*, 984 N.W.2d at 424.

In general, "a district court loses jurisdiction over a matter once a final judgment is rendered." *State v. Olsen*, 794 N.W.2d 285, 287 (Iowa 2011). "Final judgment in a criminal case means sentence." *State v. Loye*, 670 N.W.2d 141, 146 (Iowa 2003) (quoting *State v. Coughlin*, 200 N.W.2d 525, 526 (Iowa 1972)). The law grants courts continuing jurisdiction to act after a sentence has commenced, but only in a limited number of circumstances. *E.g.,* Iowa Code § 901C.2(1)(*a*)(1) (permitting courts on application by a defendant to expunge a record after a not-guilty verdict or dismissal); *id.* § 902.4 (permitting courts to reconsider an incarcerated felon's sentence in limited situations); *id.* § 910.7(2) (permitting courts to modify an existing plan of restitution after sentencing in limited situations).

In this case, our focus is not on the timing of a sentence but on the effect of the dismissal and expungement after a *deferred judgment.* A deferred judgment is a sentencing option where the court defers adjudicating guilt and imposing a sentence and instead places the defendant on probation. *Id.* §§ 907.1(1), 907.3(1)(*a*). As a condition of probation, a court may order the defendant to pay restitution and other financial obligations in the case. *Id.* § 907.8(1). A defendant who successfully completes the probation is discharged with no judgment or sentence entered or imposed, and the court's criminal record in the case is expunged. *Id.* §§ 907.3(1)(*c*), 907.9(4)(*b*).

The State focuses on the language of the February 15 order, characterizing the court's dismissal and expungement of the criminal charge as conditional in nature, occurring only if T.J. first paid all restitution. But parsing the key paragraph in the order leads us to a different conclusion. The first sentence states: "Defendant has completed all terms and conditions of the [d]eferred [j]udgment." This completed "*all* terms and conditions" language necessarily includes any term or condition of the deferred judgment that would require payment of restitution. (Emphasis added.) The second sentence states: "It is hereby ordered that the charge(s) should now be dismissed and expunged." (Emphasis omitted.) The timing of the dismissal and expungement is explicit: "now." The language does not signal that some future, as-yet-unmet condition must still be satisfied. The third sentence states: "All dismissed related charges shall now also be expunged." (Emphasis omitted.) This sentence addresses the expungement—not dismissal—of any related charges that might have been dismissed already (there were none) and again provides the timing ("now") for their expungement.

The final sentence, which is the one the State spotlights, states: "Defendant is hereby advised that the case will not be expunged until all monies owing have been paid in full." Under the State's reading, this sentence conflicts

with the second sentence about the timing of the expungement—"now" vs. when "all monies owing have been paid in full"—and potentially conflicts with the first sentence about whether "all terms and conditions of the [d]eferred [j]udgment" have been satisfied. But the fourth sentence mentions only expungement, not dismissal. So even if we were to find that the fourth sentence conflicted with and prevailed over the others, only expungement is conditioned on payment. Dismissal is unmentioned and unaffected. The order did not, in other words, condition dismissal of the charge against T.J. on any further action by her or anyone else. And in any event, no pecuniary damages set forth in the restitution order entered on April 8 were "owing" under any court order on February 15, so those damages would not delay the expungement.

True, Iowa's restitution statute grants the district court continued jurisdiction after sentencing to modify a restitution order. *Id.* § 910.7(2); *State v. Jose*, 636 N.W.2d 38, 46 (Iowa 2001). But that power exists only to *modify* a previously entered restitution plan, and only within a specified period:

> At any time *during the period of probation, parole, or incarceration*, the offender, the prosecuting attorney, or the office or individual who prepared the offender's restitution plan may petition the court on any matter related to the plan of restitution or restitution plan of payment and the court shall grant a hearing if on the face of the petition it appears that a hearing is warranted.
>
> . . . After a petition has been filed, the court, *at any time prior to the expiration of the offender's sentence*, . . . may modify the plan of restitution or the restitution plan of payment, or both, and may extend the period of time for the completion of restitution.

Iowa Code § 910.7(1)–(2) (emphasis added). The April 8 restitution order was not a modification of a prior plan of restitution. What's more, by that time nearly two months had passed since the court declared that T.J. "has completed all terms and conditions of the [d]eferred [j]udgment" and dismissed and expunged the charge against her. The April 8 order was thus entered neither "during the period

of probation" nor "prior to the expiration of [her] sentence." *Id.* As a result, § 910.7 offers no basis for giving the court jurisdiction to enter the order under its restitution-modification powers.

The State urges that if we find that the court could not order restitution after it dismissed the charge, we nonetheless affirm because the court's failure to order restitution in a timely manner amounts to an illegal sentence. *See State v. Bruegger*, 773 N.W.2d 862, 871 (Iowa 2009) (describing an illegal sentence to include "claims that the sentence is outside the statutory bounds"). The alleged illegality stems from Iowa Code § 910.2(1)(*a*), which states that "[i]n all criminal cases in which" a defendant pleads guilty "the sentencing court *shall order* that pecuniary damages be paid by each offender to the victims of the offender's criminal activities, and that all other restitution be paid to the clerk of court." (Emphasis added.) The State argues that the court acted illegally by failing to order restitution despite T.J.'s guilty plea.

But the burden of establishing entitlement to criminal restitution rests with *the State. See State v. Shears*, 920 N.W.2d 527, 532 (Iowa 2018). The restitution statute provides that "[t]he prosecuting attorney shall prepare a statement of pecuniary damages" and "provide the statement to the presentence investigator or submit the statement to the court at the time of sentencing." Iowa Code § 910.3(1). An order for restitution "must rest on a causal connection between the established criminal act and the injuries to the victim" proved under a preponderance-of-the-evidence standard. *State v. Holmberg*, 449 N.W.2d 376, 377 (Iowa 1989).

The State timely filed a statement of pecuniary damages on February 8, a week before the court's hearing to review the deferred judgment. But the State offers no evidence and makes no claim that it objected or otherwise expressed

its lack of consent, either in writing or orally at the hearing, to the court's dismissal of the charge without first having ordered restitution for pecuniary damages. The court's August 19, 2021 deferred judgment order stated that "[p]ecuniary damages to the victim(s) are unknown at this time" and that "[a] hearing will be set to determine [the] full amount of restitution to be imposed as a condition of probation." When the court dismissed and expunged all charges on February 15, 2022, no "permanent restitution order setting out the amount of restitution . . . and the persons to whom restitution must be paid" had been entered. Iowa Code § 910.3(8). On this record, we find the State's argument that the court acted illegally under § 910.2(1)(*a*) unavailing.

T.J. argues—persuasively, in our view—that a dismissal and expungement of a criminal charge after successful completion of probation under a deferred judgment should be treated no differently than other situations where a defendant is discharged from probation. Iowa Code § 907.9(4)(*a*) states that "[a] person who has been discharged from probation shall no longer be held to answer for the person's offense." A dismissed charge after a deferred judgment, like a completed term of probation, signals the end of a court's power to impose further obligations on a defendant. "There must be a time when the court's jurisdiction over defendant's person by way of punishment ceases." *Smith v. Dist. Ct.*, 109 N.W. 1085, 1087 (Iowa 1906). In this case, the court completely disposed of the criminal matter before it, not by a judgment of conviction but by judgment of dismissal of the criminal charge. If a court unconditionally dismisses all pending charges, there's no need for sentencing or any other action by the court before the judgment becomes final. That finality terminates the court's jurisdiction in the matter. *See id.* ("With the satisfaction of the record in the manner indicated by the statute the entire matter becomes a part of the

irrevocable past, and beyond the power of the court to add to or detract therefrom.").

Stated simply, no statutory or constitutional provision empowers the district court to retain jurisdiction to order restitution *after* dismissing and expunging criminal charges. The court in this case lacked jurisdiction to enter the April 8 restitution order after it dismissed and expunged the lone charge in the trial information and, as a result, the order is void. We thus grant the writ of certiorari and vacate the restitution order.

**WRIT OF CERTIORARI GRANTED; WRIT SUSTAINED.**