STATE of Iowa, Appellee,

v.

James Arthur JOSE, Appellant.

No. 00–0760.

Supreme Court of Iowa.

Nov. 15, 2001.

Linda Del Gallo, State Appellate Defender and Patricia Reynolds, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Linda Hines, Assistant Attorney General, for appellee.

LAVORATO, Chief Justice.

James Jose appeals from his judgment of sentence and court-ordered restitution imposed following his plea of guilty to forgery. He contends that the district court abused its discretion by considering unproven charges in sentencing him. He also challenges the restitution imposed. Finding no abuse of discretion regarding sentencing, we affirm on that issue. We remand with directions on the restitution issue.

## I. Background Facts and Proceedings.

On January 12, 2000, the State charged Jose with one count of forgery and one count of malicious prosecution. *See* Iowa Code §§ 715A.2(1)(c), 715A.2(2)(a)(3), 720.6 (1999). On February 25, Jose pled guilty to the forgery charge.

During his plea hearing, Jose admitted he went into a Dahl's store in Des Moines, Iowa on January 2, 2000, and tried unsuccessfully to cash a check he was not entitled to cash. As part of Jose's plea agreement, the State agreed to dismiss the malicious prosecution charge and charges against Jose in several pending cases. The State recommended a five-year term of imprisonment to be served consecutively with a five-year term it was seeking in another pending case against Jose. Jose agreed to pay restitution.

The district court sentenced Jose on April 7. The court accepted the State's recommendation on sentencing and sentenced him accordingly. At the sentencing hearing, Jose agreed to pay restitution "on all matters," except one. The court incorporated Jose's agreement in its sentencing order, which stated:

> Defendant agrees as part of the plea agreement to make restitution on all cases with the exception of AGCR 144077. The County Attorney shall request the Court for an Order to transport the Defendant back to Polk County for the [Victim Offender Reconciliation Program] session. In AGCR 144077, the State shall file a request for restitution and if the Defendant does not agree, he shall request a hearing on this matter.

Jose appealed on April 28. On June 1, the district court entered three separate supplemental restitution orders. A sup-

plemental order dated September 8 shows a total restitution amount of $2242.09 ordered in the three previous supplemental orders.

## II. Issues.

On appeal, Jose contends the district court erred in considering unproven charges in sentencing him. Additionally, he contends he is entitled to a restitution hearing with court-appointed counsel on the $2242.09 restitution ordered by the district court.

## III. Sentence Imposed.

■ A district court may not consider an unproven or unprosecuted offense when sentencing a defendant unless (1) the facts before the court show the defendant committed the offense, or (2) the defendant admits it.. *State v. Gonzalez*, 582 N.W.2d 515, 516 (Iowa 1998). Because the sentence imposed does not fall outside statutory limits, our review is for abuse of discretion. *State v. Cooley*, 587 N.W.2d 752, 754 (Iowa 1998). Such abuse occurs when the district court "exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Peters*, 525 N.W.2d 854, 859 (Iowa 1994) (quoting *Schettler v. Iowa Dist. Court*, 509 N.W.2d 459, 464 (Iowa 1993)).

■ On our review, a district court's sentencing decision enjoys a strong presumption in its favor. *Peters*, 525 N.W.2d at 859. To overcome the presumption, a defendant must affirmatively show that the district court relied on improper evidence such as unproven offenses. *State v. Sailer*, 587 N.W.2d 756, 762 (Iowa 1998).

To support his challenge to the sentence imposed, Jose points to the following statement from the district court during sentencing:

Mr. Jose, your reports indicate that you've got some abilities. You're not a stupid fellow.... If you weren't getting into so much trouble on a regular basis, I think I might even call you fairly bright based on what I've been reading about you. You're articulate. Clearly, you use these skills in a positive way while you're being a manager there for the pizza place. No small task running an operation like that.

I get a lot of folks coming through here that don't have those skills, frankly. But the flip side of it is that, gosh, you're 31 years old and you're still being a criminal. .[N]either for your sake nor for your daughter's sake have you stopped making bad choices. You not only didn't take advantage of probation, you went out and got into more trouble.

It's the judgment of the court that defendant's adjudged guilty of the crime of forgery.... Defendant shall be imprisoned for a period not to exceed five years....

Sadly, Mr. Jose, I'm going to run the sentences consecutively, not [con]currently. *I think in light of your additional crimes*, in light of your prior record, I need to protect the community from further offenses by you. Mr. Jose, you've earned a—you've earned a consecutive sentence.

[P]robation is denied because of the defendant's prior criminal history and it would unduly lessen the seriousness of the offense.

(Emphasis added.)

■ For reasons that follow, we conclude this statement falls far short of an affirmative showing that the sentencing court relied on unproven charges in sentencing Jose. Jose has a history of numerous convictions, which the State highlighted for the sentencing court. When we consider the court's statement in context,

we think the court considered Jose's *prior convictions* rather than unproven charges in sentencing him to imprisonment. Before pronouncing judgment, the court expressed its concern that, despite his apparent abilities, Jose was "still being a criminal." He had not "stopped making bad choices," and rather than taking "advantage of probation," he "went out and got into more trouble." Key to our determination is that immediately after the court used the phrase "additional crimes," the court stated its intention to protect the community, "in light of your *prior* record." (Emphasis added.) Additionally, in its written sentencing order the court stated, "[t]he granting of probation in this case is denied because of the Defendant's *prior criminal history* and because it would unduly lessen the seriousness of the offense." (Emphasis added.)

The challenged statement here does not rise to the level of affirmative showing made in cases where we have vacated and remanded based on the sentencing court's reliance on unproven charges. For example, in *State v. Sinclair*, the sentencing court stated the following when sentencing the defendant for first-offense OWI:

> [The defendant] has been arrested on four occasions for [OWI] and that those three cases were dismissed by the County Attorney for one reason or another. . . .
>
> . . . .
>
> . . . I have to under the law sentence you as a first offense because that's what it was, and [ ] you weren't convicted on the other three. But I believe that I can take into consideration that there was a problem because you were arrested for some type of alcohol-related incident and that for some reason maybe they couldn't prove you guilty beyond a reasonable doubt and that's why those were dismissed, and the Court has to

take that into consideration. That this is a first, but you've had three prior arrests.

582 N.W.2d 762, 765 (Iowa 1998). On appeal we concluded this statement "conclusively show[ed] that [the sentencing court] did consider the unproven offenses in sentencing the defendant." *Id.*

Other cases in which we vacated a sentence based on a similar affirmative showing include: *State v. Gonzalez*, 582 N.W.2d 515 (Iowa 1998), *State v. Black*, 324 N.W.2d 313 (Iowa 1982), and *State v. Messer*, 306 N.W.2d 731 (Iowa 1981). In *Gonzalez*, the affirmative showing was based on the sentencing court's statement that "the concession provided in the plea agreement provides for actually the dismissal of, what would probably be easily provable, five additional counts, so there is a substantial concession that's already been made to the defendant." 582 N.W.2d at 516.

In *Black*, the defendant pled guilty to a charge of indecent exposure in return for dismissal of a burglary charge. According to the minutes of testimony, the indecent exposure occurred after the defendant illegally gained entrance to the victim's home. 324 N.W.2d at 314. (The defendant stated that the victim voluntarily let him in her home.) We vacated the sentence imposed because the sentencing court considered the unproven burglary charge. *Id.* The affirmative showing supporting vacation of the sentence was based on the sentencing court's statement that it considered the factual circumstances out of which the indecent exposure charge arose, *i.e.*, the unproven burglary. *Id.* at 314–15.

Finally, in *Messer*, the defendant and the State entered into a plea agreement. The defendant agreed to plead guilty to a second-degree burglary charge, and the State agreed to drop the prosecution of "several other burglaries." 306 N.W.2d at

732. The affirmative showing supporting this court's vacation of the defendant's sentence was the sentencing court's statement that it was "taking into consideration the fact that there were two other charges that were not prosecuted in this matter as part of a plea bargaining." *Id.*

Unlike the case before us, the sentencing courts in *Sinclair, Gonzalez, Black,* and *Messer* made specific reference to unproven charges. Here, the sentencing court referred only to "additional crimes," and discussed Jose's prior criminal history in explaining its decision to sentence Jose to imprisonment. When considered in context with the remainder of the court's explanation for imposing sentence, the reference to "additional crimes" is not an "affirmative showing" that the court considered unproven charges. We therefore conclude the court did not abuse its discretion in imposing sentence on Jose.

## IV. Restitution.

■ Our review of a restitution order is for correction of errors at law. *State v. Watts,* 587 N.W.2d 750, 751 (Iowa 1998).

The sentencing order provided that Jose agreed to make restitution "on all cases" with the exception of one. The order made no mention of the amount of restitution. The sentencing took place on April 7, 2000, and on April 28, Jose appealed. On June 1—fifty-four days after the sentencing and twenty-four days after time for appeal had expired—the district court entered three separate supplemental restitution orders totaling $2242.09. On September 8, the district court entered a supplemental order requiring Jose to make restitution in the amount of (1) $2242.09 as previously ordered in the three supplemental restitution orders, (2) $112.39 for court costs, and (3) $90 for attorney fees.

On appeal, Jose challenges the amount of restitution ordered, even though there has been no hearing before the district court. At the very least, Jose contends, we should remand for a restitution hearing at which he should be entitled to court-appointed counsel.

Jose's contentions raise the following issues. First, where supplemental orders are entered more than thirty days *after* sentencing, must a defendant first challenge the supplemental orders in the district court, or may this court address the issue in the direct and timely appeal of the defendant's sentence? Second, if the defendant cannot make such a challenge before this court, is the defendant entitled to a restitution hearing in the district court with court-appointed counsel? We think a discussion of several of our cases related to these issues would be helpful.

Before proceeding to a discussion of these cases, we set out three statutes relevant to our analysis. Iowa Code section 910.2 provides in relevant part that in all criminal cases in which there is a plea of guilty "the sentencing court shall order that restitution be made by each offender to the victims of the offender's criminal activities . . . ."

Iowa Code section 910.3 provides in relevant part:

> The county attorney shall prepare a statement of pecuniary damages to victims of the defendant . . . and shall provide the statement to the presentence investigator or submit the statement to the court at the time of sentencing. . . . If pecuniary damage amounts are not available at the time of sentencing, the county attorney shall provide a statement of pecuniary damages incurred up to that time to the clerk of court. The statement shall be provided no later than thirty days after sentencing. . . . At the time of sentencing or at a later date to be determined by the court, the court

shall set out the amount of restitution ... and the persons to whom restitution must be paid. If the full amount of restitution cannot be determined at the time of sentencing, the court shall issue a temporary order determining a reasonable amount for restitution identified up to that time. At a later date as determined by the court, the court shall issue a permanent, supplemental order, setting the full amount of restitution. The court shall enter further supplemental orders, if necessary. These court orders shall be known as the plan of restitution.

Iowa Code section 910.7 provides:

At any time during the period of probation, parole, or incarceration, the offender or the office or individual who prepared the offender's restitution plan may petition the court on any matter related to the plan of restitution or restitution plan of payment and the court shall grant a hearing if on the face of the petition it appears that a hearing is warranted. The court, at any time prior to the expiration of the offender's sentence, may modify the plan of restitution or the restitution plan of payment, or both, and may extend the period of time for the completion of restitution.

In *State v. Janz*, the sentencing court included in the sentencing order a provision requiring the defendant to pay restitution in a specific amount. 358 N.W.2d 547, 548 (Iowa 1984). The State conceded the restitution order was partially in error. *Id.* The State contended, however, that the defendant before appealing had to first seek relief from the restitution order by filing a petition with the sentencing court pursuant to section 910.7. *Id.* The State interpreted section 910.7 as a "statutory requirement for exhaustion of remedies." *Id.*

This court determined that "a defendant can and probably should ordinarily" file a petition with the sentencing court pursuant to section 910.7 before appealing a restitution order, "but the defendant is not required to do so." *Id.* The court gave two reasons for this conclusion. First, section 910.7 "uses the permissive verb 'may petition,' a strong suggestion that the legislature intended filing of such a petition to be optional and not mandatory." *Id.* Second, a defendant may appeal an illegal sentence without first filing a motion with the district court. *Id.* at 548–49.

Although the court in *Janz* recognized that section 910.7 gives a defendant an option to challenge a restitution order either in the district court or on appeal, it did caution and suggest the following:

First, if a defendant's time for appeal from the original judgment of conviction and sentence has expired, the defendant must initially obtain a ruling from the district court on a petition for modification before seeking modification on appeal. [The court noted that where time for appeal has expired, a defendant must petition the district court under Iowa Rule of Criminal Procedure 23(5)(a) to correct an illegal sentence.]

Secondly, ... [w]e suggest that counsel always consider asking the sentencing court to modify inappropriate restitution plans and orders before raising such questions on appeal.... [I]nterests of judicial economy would certainly have been better served in this case if defendant had given the sentencing court the opportunity to correct what was probably an oversight.

*Id.* at 549.

The court rejected the State's contention that an order involving restitution may never be appealed. *Id.* "[D]efendant's appeal from the final judgment was also a permissible appeal from all orders incorpo-

rated in that sentence, including the order of restitution here challenged." *Id.* The court vacated the restitution order and remanded with directions. *Id.*

In *State v. Swartz*, the defendant challenged on appeal the sentencing court's order of restitution for the court costs and defendant's court-appointed attorney fees. 601 N.W.2d 348, 354 (Iowa 1999). The defendant contended that the court improperly determined the amount of restitution without first making a determination of the defendant's ability to pay. *Id.* We held the defendant could not make the challenge on appeal for two reasons:

> First, it does not appear that the plan of restitution contemplated by Iowa Code section 910.3 was complete at the time the notice of appeal was filed. Second, Iowa Code section 910.7 permits an offender who is dissatisfied with the amount of restitution required by the plan to petition the district court for a modification. Until that remedy has been exhausted we have no basis for reviewing the issue that defendant raises.

*Id.*

The quoted language appears to directly address the issue now before us. However, we agree with Jose that *Swartz* is distinguishable from his case. The defendant in *Swartz* challenged the "reasonable ability to pay" determination rather than the total amount to be paid to victims. This becomes clear from this language in *State v. Jackson:*

> As a final issue, defendant contends that in ordering restitution the sentencing judge failed to take into account his ability to pay. In another case decided today, we have established two principles that preclude us from granting relief to defendant in this regard. First, it does not appear in the present case that the plan of restitution contemplated by

Iowa Code section 910.3 was complete at the time the notice of appeal was filed. *Until this is done, the court is not required to give consideration to the defendant's ability to pay. State v. Swartz,* 601 N.W.2d 348, 354 (Iowa 1999). Second, Iowa Code section 910.7 permits an offender who is dissatisfied with the amount of restitution required by the plan to petition the district court for a modification. Unless that remedy has been exhausted, we have no basis for reviewing the issue in this court. *Id.*

601 N.W.2d 354, 357 (Iowa 1999) (emphasis added).

██ The amount of restitution is part of the sentencing order and is therefore directly appealable, as are all orders incorporated in the sentence. *Janz,* 358 N.W.2d at 549. The ability to pay is an issue apart from the amount of restitution and is therefore not an "order[ ] incorporated in the sentence" and is therefore not directly appealable as such.

The facts in this case differ from those in *Janz* in only one respect. Here, unlike in *Janz,* the amount of restitution had not been determined at the time notice of appeal was filed.

Likewise, the facts in this case differ from those in *Swartz* and *Jackson* in only one respect. Here, Jose challenges the *amount* of restitution, whereas in *Swartz* and *Jackson* the defendants only challenged the district court's failure to determine their *ability to pay.* The defendants in *Swartz* and *Jackson* were therefore challenging the "restitution plan of payment," rather than the actual "plan of restitution." Iowa Code § 910.7. At issue here is the plan of restitution, rather than the plan of payment.

Where the *plan* of restitution is not complete at the time of appeal, what is the safe course for a defendant to follow?

*Janz, Swartz,* and *Jackson* provide no ready answer to this question. In this connection, Jose raises two concerns with requiring him to file a section 910.7 petition for modification before appealing his restitution order. First, he questions the district court's jurisdiction to hear a section 910.7 petition while a sentencing issue is pending on appeal in the same case. Second, he questions whether he would be entitled to court-appointed counsel were he to file such an action.

▆ Generally, an appeal divests the district court of jurisdiction. *Shedlock v. Iowa Dist. Ct.,* 534 N.W.2d 656, 658 (Iowa 1995). Our rules of appellate procedure "provide for restoration of jurisdiction to the district court in only two circumstances: upon the litigants' stipulation for an order of dismissal or upon the appellate court's order for limited remand." *Id.;* Iowa R.App. P. 12(e), (g).

▆ However, there is an exception: the district court retains jurisdiction to hear "issues collateral to and not affecting the subject matter of the appeal." *In re Estate of Tollefsrud,* 275 N.W.2d 412, 418 (Iowa 1979). "The exception serves to expedite the resolution of disputes, particularly in probate and domestic relations cases where many matters collateral to those on appeal may surface." *Shedlock,* 534 N.W.2d at 658.

▆ A petition to modify a restitution order pursuant to section 910.7 is collateral to an appeal from a sentence of conviction. *State v. Lessner,* 626 N.W.2d 869, 871 (Iowa Ct.App.2001). Jose therefore could have filed a petition to modify the supplemental restitution orders during the pendency of his appeal from his conviction, and the district court would have had jurisdiction to hear the action.

Had Jose filed such an action would he have been entitled to court-appointed counsel? Two cases provide guidance on this question: *State v. Alspach,* 554 N.W.2d 882 (Iowa 1996), and *State v. Blank,* 570 N.W.2d 924 (Iowa 1997).

In *Alspach,* we held that a defendant would be entitled to court-appointed counsel when challenging restitution as part of the original sentencing order, or supplemental orders, issued under Iowa Code section 910.3. *Alspach,* 554 N.W.2d. at 884. We recognized the well-established constitutional principle that sentencing procedures are a critical stage of the criminal proceeding, and for that reason an indigent defendant has the right to court-appointed counsel at such proceeding. *Id.* at 883. We noted that our prior cases acknowledged that restitution is a phase of sentencing. *Id.* We also noted that section 910.3 authorizes the State to compile a statement of damages *after* sentencing. *Id.* at 884. We reasoned that the right to court-appointed counsel guaranteed at all critical stages of the criminal proceedings should not rest on the "mere fortuity of whether restitution figures were available at sentencing." *Id.* We, however, limited our ruling to challenges of restitution orders imposed as part of the original sentencing order, or supplemental orders, issued under section 910.3. *Id.* at 884. Later actions pursuant to section 910.7 to modify a plan of restitution are, we held, civil in nature and not part of the criminal proceedings. *Id.* In those actions, a defendant would ordinarily have no right to appointed counsel. *Id.*

In *Blank,* the State argued that the right to hearing and counsel which attaches to criminal proceedings had no application in that case because the defendant did not challenge a supplemental restitution order until seven months after the order was entered. *Blank,* 570 N.W.2d at 926. Significantly, we noted that "[a]lthough the time frames in *Al-*

*spach* were nearly identical, this precise argument was neither raised nor addressed" in *Alspach*. *Id.* (citation omitted). (The defendant in *Alspach* did not challenge the supplemental order until approximately one year after the order was issued.)

We then modified our holding in *Alspach*, reasoning:

> When timeliness is factored into the analysis, it becomes clear—and we now hold—that the criminal due process requirements outlined in *Alspach* can be claimed only if protected by a timely challenge. Fairness dictates that a defendant who delays challenging a restitution order should not be treated the same as one who files a timely appeal. Courts are permitted under section 910.3 to delay entry of judgment for restitution when, for good cause, restitutionary sums are not ascertainable at the time of sentencing. A defendant, however, is granted no such statutory reprieve.
>
> *Janz* instructs that a defendant challenging a restitution order entered as part of the original sentence has two options: to file a petition in district court under section 910.7, or to file a direct appeal.... To be considered an extension of the criminal proceedings, however, the defendant's petition under section 910.7 must be filed within thirty days from the entry of the challenged order. Failing that, or a timely appeal [under *Janz* ], a *later* action under section 910.7 would still provide an avenue for relief. But the action would be civil, not criminal, in nature.

*Id.* at 926 (citations omitted) (emphasis added); *accord Lessner,* 626 N.W.2d at 871.

■ Here, the supplemental orders were filed twenty-four days after Jose's time for appeal had expired. Although Jose could have filed a 910.7 petition to modify the supplemental orders while his case was pending on appeal and thereby preserve his right to a restitution hearing and court-appointed counsel, he chose not to take that route. His decision is understandable because it was not clear under our case law that he could file such an action while his appeal was pending.

His appellate counsel tried to bring his case within the parameters of *Janz*. This case, however, is not a *Janz* case because the restitution was not part of the sentencing order. However, given the unsettled case law, we think appellate counsel did the prudent thing, *i.e.*, challenging the supplemental orders directly on appeal. In these circumstances, fundamental fairness dictates that Jose be allowed a restitution hearing, pursuant to section 910.7, with court-appointed counsel to challenge the supplemental restitution orders. The right to court-appointed counsel, however, should be conditioned upon Jose filing such a challenge within thirty days following remand.

## V. Disposition.

In sum, we conclude the district court did not consider unproven charges in sentencing Jose. Finding no abuse of discretion, we affirm on this issue. We further conclude Jose should have a restitution hearing with court-appointed counsel to assist him. The right to court-appointed counsel, however, is conditioned upon Jose filing such a challenge within thirty days following remand.

**AFFIRMED IN PART; CASE REMANDED WITH DIRECTIONS.**