# IN THE COURT OF APPEALS OF IOWA

No. 13-1679
Filed June 25, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JONATHAN LINDSEY WORKMAN,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cerro Gordo County, DeDra L. Schroeder, Judge.

Johnathan Lindsey Workman appeals his conviction and sentence for child stealing.  **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Melinda J. Ney, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Bridget A. Chambers, Assistant Attorney General, Carlyle D. Dalen, County Attorney, and Rachel Ginby, Assistant County Attorney, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Bower, JJ.

**BOWER, J.**

Johnathan Lindsey Workman appeals his conviction and sentence for child stealing. Workman claims the district court relied on impermissible factors in imposing his sentence. We find Workman has failed to show the district court relied upon charges that were dismissed as part of the plea agreement in imposing his sentence. Accordingly, we affirm.

## I.     Background Facts and Proceedings

Johnathan Workman pled guilty to one count of child stealing, in violation of Iowa Code section 710.5 (2013), after he attempted to leave a bar with a person's small child. Workman was also charged with two counts of assault while participating in a felony, in violation of section 708.3. The assault counts were dropped as a part of a plea agreement. Workman entered an Alford plea and was sentenced to a term not to exceed ten years in prison.

During the sentencing hearing, the district court made the following statement:

> The laws of Iowa require that a court impose a sentence that best provides for a person's rehabilitation, protects our community, and deters others from committing this type of offense. In trying to determine what kind of sentence is appropriate, I look at everything I learn about you through the presentence investigation report, I look at everything I learn about this case through the file, I consider the things that were said on your behalf today by Ms. Turner, I've considered your age, I've looked at your education, I've also looked at your lengthy criminal history, I've looked at your lengthy battle with substance abuse issues and the troubles that you've had on supervision in the past. Based on everything that I've learned about you, and the factors I've considered, I'm going to order you to serve an indeterminate sentence of up to ten years in the Iowa State Prison System. I'm not going to suspend that sentence.

Workman claims the district court's reference to "everything I learn[ed] about this case through the file" is a clear indication the district court relied upon the other, unproven, charges in determining his sentence.

## II. Standard of Review

Our review of the legality of the sentence is for correction of errors at law. *State v. Keutla*, 798 N.W.2d 731, 732 (Iowa 2011).

## III. Discussion

Workman raises a single issue on appeal. Did the district court impermissibly rely on unproven charges in imposing his sentence? We find it did not.

The district court is not permitted to consider unproven or unprosecuted charges when sentencing a defendant unless the facts clearly establish the offense was committed or the defendant admits the facts of the offense. *State v. Jose*, 636 N.W.2d 38, 41 (Iowa 2001). The defendant must make an affirmative showing that the district court relied upon improper evidence of unproven charges. *State v. Sailer*, 587 N.W.2d 756, 762 (Iowa 1998). A strong presumption works in favor of the sentencing options exercised by the district court. *State v. Peters*, 525 N.W.2d 854, 859 (Iowa 1994).

In *Jose*, our supreme court rejected a similar claim when the district court stated it was relying on "your additional crimes." 636 N.W.2d at 41. The statement fell short of showing a reliance on unproven crimes and was interpreted as relying only upon prior convictions. *Id.* at 41–42. In reaching its decision, the *Jose* court summarized instances where an affirmative showing

was made by the defendant. *Id.* at 42–43. In each case, the district court had expressly referred to the unproven charges or the "factual circumstances" of the charges. *Id.* We find no such reliance here. The district court referred to "everything in the file", and while that could include the charges that were eventually dismissed, we find no affirmative showing the district court was specifically relying on unproven charges. Rather, the court's reference to the file is part of a summarization of specific pieces of evidence relied upon, many of which would be contained in the file. Considering the context of the remarks, we find Workman has failed to make the necessary showing.

**AFFIRMED.**