# IN THE COURT OF APPEALS OF IOWA

No. 15-0389
Filed January 13, 2016

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**TREMAINE JUWAN GABRIEL,**
　　　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, John D. Telleen, Judge.

Tremaine Gabriel appeals from the sentence following his guilty plea, asserting the district court considered an improper sentencing factor. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Rachel C. Regenold, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik and Sheryl A. Soich, Assistant Attorneys General, for appellee.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

Tremaine Gabriel appeals from the sentence following his guilty plea, asserting the district court considered an improper sentencing factor. We affirm.

After stabbing a man to death in a nightclub parking lot, Gabriel pled guilty to one count of involuntary manslaughter and one count of assault while displaying a weapon. At the sentencing hearing, the court stated:

> Mr. Gabriel, my duty under the law is to review what's available to me in terms of community resources and . . . to determine what the appropriate rehabilitative plans would be for you, but also I must consider [that] the public interest must be protected. I look at the seriousness of the crime, the effect the crime has on members of the community, your willingness to accept change and treatment, and what is available in this community to assist you in that process. I look at the least restrictive alternatives first and then proceed to the more restrictive alternatives. I have reviewed the presentence investigation report [(PSI)] and considered . . . the matters in that report, but I haven't given any consideration to entries into the criminal history in that report that do not show an adjudication or a plea of guilty.
>
> In your particular case, I note that you do in fact have a significant prior criminal history, with a burglary in 2004, a burglary in 2005, a burglary in 2007, and there has also been some incidents involving assaultive behavior. I believe you have one prior assault and perhaps a domestic abuse matter.
>
> This particular incident . . . was a violent incident that took a life. I . . . am not going to reject the plea agreement. I understand this is a negotiated plea between fine attorneys on both sides; there was . . . perhaps some question as to whether or not there was self-defense in this case, but in any event it is clear, sir, that this was an argument in a parking lot over really some stupid stuff.
>
> . . . .
>
> I mean it was totally stupid stuff. And yet, you had the opportunity to walk away or just say, hey, whatever, and leave. And for whatever reason, you and [the victim] got into this altercation, and what you did was totally inexcusable . . . —I mean you stabbed this gentleman repeatedly. It is a tragedy.
>
> I do find you're a danger to society because of your assaultive behavior, and a sentence of incarceration is appropriate [for] deterrence—both general and specific—and the fact that I believe you do pose a danger to society. And I sincerely hope you can use your time in prison to rehabilitate yourself and think about

> changing your lifestyle and think about making something out of . . . your life.

For these reasons, the court sentenced Gabriel to prison for five years on the manslaughter charge and two years on the weapons charge. The court ordered the sentences to be run consecutively "due to the violent nature of this offense and the extreme results of his violent act, that being a death."

On appeal, Gabriel contends he is entitled to resentencing because the district court considered an improper factor—a dismissed charge—when imposing the sentence in this case. Specifically, he points to the court's statement: "I believe you have one prior assault and perhaps a domestic abuse matter." The PSI shows Gabriel was arrested in 2013 for domestic abuse assault, but it also shows that charge was dismissed.[1]

We review sentencing decisions for correction of errors at law. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). A sentence will not be upset on appeal "absent an abuse of discretion or some defect in the sentencing procedure." *Id.* The decision to impose a sentence within statutory limits is "cloaked with a strong presumption in its favor." *Id.* "It is a well-established rule that a sentencing court may not rely upon additional, unproven, and unprosecuted charges unless the defendant admits to the charges or there are facts presented to show the defendant committed the offenses." *Id.* at 725. "We will not draw an inference of improper sentencing considerations which are not apparent from the record." *Id.* Improper consideration of unprosecuted and unproven additional charges requires remand for resentencing. *See id.*

---

[1] The PSI shows Gabriel was convicted of assault causing bodily injury arising from the same incident.

The court's mere mention of the dismissed domestic-abuse-assault charge does not demonstrate the court improperly considered the charge in its sentencing decision. The court stated it reviewed the PSI and considered the matters in that report, but it then specifically declared: "I haven't given any consideration to entries into the criminal history in that report that do not show an adjudication or a plea of guilty." Furthermore, because it is not apparent from the record that the court relied on the dismissed charge in formulating its sentencing decision, we will not infer improper sentencing considerations. *See id.* Nor has Gabriel made the requisite affirmative showing that the court relied on unproven offenses. *See State v. Jose*, 636 N.W.2d 38, 41 (Iowa 2001) (stating that to overcome the strong presumption in favor of a court's sentencing decision, "a defendant must affirmatively show that the district court relied on improper evidence such as unproven offenses"). Considering the comment in context, we conclude the sentencing court's challenged statement does not "rise to the level of affirmative showing made in cases where we have vacated and remanded based on the sentencing court's reliance on unproven charges." *See id.* at 42. Nothing in the record contradicts the court's declaration that it gave no consideration "to entries into the criminal history in [the PSI] that do not show an adjudication or a plea of guilty."

We conclude the district court did not consider any impermissible factors in imposing Gabriel's sentence. We therefore affirm.

**AFFIRMED.**