## IN THE COURT OF APPEALS OF IOWA

No. 15-0990
Filed April 27, 2016

**DAVID BAUGH,**
　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　Respondent-Appellee.
_____

　　　Appeal from the Iowa District Court for Franklin County, James M. Drew,
Judge.


　　　David Baugh appeals the district court's denial of his amended application
for postconviction relief. **AFFIRMED.**



　　　Dylan J. Thomas, Mason City, for appellant.

　　　Thomas J. Miller, Attorney General, and Sheryl A. Soich, Assistant
Attorney General, for appellee State.



　　　Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

David Baugh has appealed the district court's denial of his amended application for postconviction relief. He claims the sentencing court improperly relied on portions of the trial information and minutes of testimony relating to dismissed charges, and therefore (1) trial counsel was ineffective in failing to object and (2) appellate counsel was ineffective in failing to argue the ineffectiveness of trial counsel. On our review, we affirm.

Baugh was charged with sex crimes in a twelve-count trial information. Pursuant to a plea agreement, he pled guilty to three counts. During his plea colloquy, Baugh admitted that on three separate occasions between 2006 and 2012 he committed three separate sex acts with the victim and agreed the court could rely on the minutes of testimony for a further factual basis. At the sentencing hearing, the court and the parties agreed the plea applied to offenses that occurred after July 1, 2009.

The sentencing court explained the reasons for its decision:

> I have considered whether these terms should run concurrently or consecutively, and there are factors that w[eigh] in both directions. Because of the ongoing nature with which you victimized this child and the repeated nature of it and because it was a child who could not protect herself, I am ordering that Counts I and II be served consecutively. Because you have no criminal history, because there are mandatory minimums to serve in regard to these counts, and because you've acknowledged the trauma that you imposed on the victim, your family, and friends, Count III is to run concurrently with Counts I and II.

In denying Baugh's application for postconviction relief, the district court reasoned:

The sentencing judge could properly consider the fact that the defendant admitted to three separate and distinct offenses occurring during a period commencing July 1, 2009, and ending sometime in 2012, a period of approximately three years. This was not a case in which the offenses were confined to a relatively short period of time. Thus, the offenses could fairly be described as "ongoing." Furthermore, sex abuse on three separate and distinct occasions against the same victim can accurately be described as "repeated" offenses. Therefore, the record does not support the applicant's claim that the trial judge considered inappropriate sentencing factors. Accordingly, trial counsel was under no obligation to object at the sentencing hearing and appellate counsel was under no obligation to pursue the matter further. Thus, neither committed a breach of an essential duty of representation and there is no basis for granting relief.

In this appeal, Baugh argues the sentencing court's reference to "ongoing" and "repeated" offenses is evidence the court considered allegations contained in the minutes of testimony concerning charges that were dismissed and the postconviction court erred when it concluded otherwise.

To overcome the strong presumption in favor of a district court's sentencing decision, "a defendant must affirmatively show that the district court relied on improper evidence such as unproven offenses." *State v. Jose*, 636 N.W.2d 38, 41 (Iowa 2001). The postconviction court properly considered the facts contained in the minutes of evidence and found those facts supported the decision of the sentencing court. Baugh's speculations that the sentencing court improperly relied on contents of the minutes that referenced dismissed charges rise no higher than mere suspicions and do not constitute an affirmative showing that the district court relied on improper evidence. *See State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002) ("We will not draw an inference of improper sentencing considerations which are not apparent from the record.").

Accordingly, neither trial counsel nor appellate counsel were ineffective in failing to challenge the sentencing court's decision.

Pursuant to Iowa Court Rule 21.26(1)(d) and (e), we affirm.

**AFFIRMED.**