# IN THE COURT OF APPEALS OF IOWA

No. 16-1179
Filed March 8, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MICHAEL ANTHONY WEBSTER WHITE,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Webster County, Thomas J. Bice, Judge.

Michael White appeals the sentence imposed after he pled guilty to charges of intimidation with a dangerous weapon and eluding. **AFFIRMED.**

Andrew J. Smith of Mack, Hansen, Gadd, Armstrong & Brown, P.C., Storm Lake, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

Michael White appeals the sentence imposed after he pled guilty to charges of intimidation with a dangerous weapon and eluding. He alleges the trial court abused its discretion and relied on an impermissible factor in sentencing him to a prison for his involvement in a drive-by shooting.

We will overturn White's sentence, which is within the statutory limits, if the sentencing court abused its discretion in imposing it. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "An abuse of discretion will not be found unless we are able to discern that the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *Id.* White argues the court abused its discretion in failing to consider more than the nature of the offense in sentencing him to prison. *See State v. Hopkins*, 860 N.W.2d 550, 554 (Iowa 2015) (recognizing that the seriousness and gravity of the offense is an important factor in determining what sentence to impose but noting the nature of the offense cannot alone be determinative). He claims that "nearly the entirety of the [court's] focus was on the nature of the offense," and complains the court failed to discuss his age, character, and propensities or chances for reform. *See id.* at 554 (setting forth the relevant factors the court is to consider in imposing a sentence); *see also* Iowa Code § 907.5(1) (2016).

The record before us indicates the sentencing court considered more than just the nature of White's offense in imposing his sentence. The court stated it had reviewed the presentence investigation (PSI) report and noted White's statement of allocution. The court also cited White's criminal history. The court then stated it was troubled most by "the very nature of the crime that was

committed here," noting that White had fired eleven .40 caliber rounds into an occupied apartment building that was next to a nursing home and within a block and one-half of a high school. The court stated it would not tolerate such behavior, citing the danger posed to the entire community. The court also discussed the rehabilitative opportunities available to White in prison. On this record, it is clear the sentencing court considered more than the nature of the offense in tailoring White's sentence. Accordingly, the court did not abuse its discretion in sentencing White to prison.

A sentence that is imposed within the statutory limits may also be overturned if the sentencing court considered an inappropriate matter. *See Formaro*, 638 N.W.2d at 724. One inappropriate matter the sentencing court may not consider is an unproven or unprosecuted offense. *See State v. Jose*, 636 N.W.2d 38, 41 (Iowa 2001). Because of the strong presumption in favor of a district court's sentencing decision, a defendant must make an affirmative showing the sentencing court relied on an unproven offense. *See id.*

At the sentencing hearing, White challenged a statement in the PSI report that said his probation had been revoked in April 2016. White claimed instead his probation was completed in 2015. The court noted White's objection to the PSI report. However, White argues it is "unclear" whether the court considered the contested probation revocation in sentencing him to prison.

White has failed to make an affirmative showing that the sentencing court impermissibly relied on the contested probation revocation in sentencing him. Although the court noted White was not "a stranger to the criminal justice system" and had previously been on probation, there is no indication that the court was

relying on the contested probation revocation rather than on his prior convictions. *See id.* at 41-42 (finding the sentencing court's statements it relied on the defendant's prior record and prior criminal history fell short of an affirmative showing that the sentencing court relied on unproven charges in imposing sentence where the defendant had "a history of numerous convictions"). Nothing in the record indicates the court considered the contested probation revocation as a factor in sentencing.

There is no indication that the sentencing court abused its discretion or relied on an impermissible factor in sentencing White. Accordingly, we affirm his sentence.

**AFFIRMED.**