# IN THE COURT OF APPEALS OF IOWA

No. 16-1127
Filed March 8, 2017

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**MARK PAUL COLBERG,**
　　　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Muscatine County, Gary P. Strausser, District Associate Judge.

Mark Colberg challenges the sentence imposed following his guilty plea to first-degree harassment. **AFFIRMED.**

Jeffrey L. Powell of the Law Office of Jeffrey L. Powell, P.L.C., Washington, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**DANILSON, Chief Judge.**

Mark Colberg pled guilty to first-degree harassment, in violation of Iowa Code section 708.7(2)(a) and (b) (2015), after he threatened to "blow his [neighbor's] head off" and then pointed a long gun at the neighbor. As part of the plea agreement, Colberg agreed to have no contact with the victim or the victim's wife and child. Pursuant to the plea agreement, the State dropped charges of going armed with intent, assault, and child endangerment. On appeal, Colberg challenges the sentence imposed, contending the court considered unproven charges. The record contradicts his contention, and we therefore affirm.

We review a district court's sentencing decision for an abuse of discretion. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "It is a well-established rule that a sentencing court may not rely upon additional, unproven, and unprosecuted charges unless the defendant admits to the charges or there are facts presented to show the defendant committed the offenses." *Id.* at 725. A sentence that is within the statutory limits "is cloaked with a strong presumption in its favor." *State v. Washington*, 832 N.W.2d 650, 660 (Iowa 2013) (citation omitted).

Colberg argues the victim's statement that Colberg "stared down the barrel of a rifle he pointed at me and my little girl" improperly referred to unproven allegations involving the victim's daughter. But to overcome the presumption in favor of a sentence, "a defendant must affirmatively show that the district court relied on improper evidence such as unproven offenses." *State v. Jose*, 636 N.W.2d 38, 41 (Iowa 2001). Colberg has failed to do so here.

In sentencing Colberg to 180 days in jail—not the two-year term the State requested nor the deferred judgment Colberg requested—the court explained:

> Well, there's a number of factors that the Court balances in determining what sentence is appropriate, one of which is the offense itself for which a person has pled guilty to, in this case Harassment in the First Degree; the manner in which it was committed. There was a threat of violence and a possession of a pellet gun, which indicated a very strong possibility of carrying out that threat of violence. It's an extremely traumatic offense.
>
> On the other hand, the defendant has minimal to no criminal history. He does, however, have one prior conviction for harassment, while a similar offense, to a lesser degree.
>
> . . . .
>
> I understand [defense counsel] Mr. Ostergren clarifying the record that it was a pellet gun and not a rifle or something else, but nonetheless when you make a threat to harm someone or threaten to kill them and you point something, that—even a pellet gun, it's an extremely serious offense. So even given your lack of criminal history, the Court finds that a lengthy jail sentence is appropriate under the facts and circumstances of this case. And that's the reason for the sentence imposed.
>
> . . . .
>
> The Court also did not take into account any of the other counts, since you did not plead guilty to them. But based upon your quite frankly relative good standing other than this event within the community, your relative lack of criminal history other than the one harassment offense, as well as due to your acts in this case which the Court takes extremely serious, those are the reasons for the sentence imposed, and the fact that you did possess a pellet gun when this offense and when these threats were imposed.

The district court did not make any reference to any alleged offense committed against the victim's daughter and, thus, did not consider improper factors nor abuse its broad discretion here. We affirm.

**AFFIRMED.**