# IN THE COURT OF APPEALS OF IOWA

No. 21-1648
Filed August 3, 2022


**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MARK ALAN RICHARDS,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Clinton County, Stuart P. Werling,

Judge.


        A defendant appeals the sentence imposed on his conviction of incest.

**AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Josh Irwin, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney

General, for appellee.


        Considered by Badding, P.J., Chicchelly, J., and Gamble, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2022).

**BADDING, Presiding Judge.**

In his written guilty plea to incest,[1] Mark Richards admitted that he performed a sex act on his seventeen-year-old niece.   Richards asked for a deferred judgment at his sentencing hearing, telling the district court:

> I know I'm here for incest, and it's something I regret.  I've taken full responsibility for my actions in this, at least my part of it.  It was a mistake, and I just want to move on with my life.
> . . . . I have a fiancé[e] overseas.  If I register, they won't allow a registered person in.  And I don't need to register.  I don't need to be on that list.  This was consensual.

The court rejected Richards's request for a deferred judgment, stating it was convinced after considering the "seriousness of this offense," Richards's "age and character, as well as the necessity to protect the public," that "incarceration is the appropriate outcome based on the heinous nature of this assault."   The court continued by noting

> that today at sentencing the defendant expresses no remorse whatsoever for his criminal actions that involved a minor.  He claims that the acts were consensual when consent is not an issue when you're dealing with a minor here.  For these reasons, and as recommended by the [presentence investigation report], the court will impose a term of incarceration in this matter.

Before closing the record, the court stated:

> I just want to say one thing to you.  What you did was wrong, and you need to acknowledge it.  You haven't yet.  Until you acknowledge it, you're a risk to society.  Okay?
> So think about what you did.  This is a minor.  This is a family member, for God's sake.  This little girl trusted you and expected you to protect her.  She had the right to expect that, and you didn't.

---

[1] The original trial information charged Richards with three counts of third-degree sexual abuse and three counts of incest.  After Richards filed his written guilty plea, the State moved to amend the trial information to remove the sexual-abuse charges.  As part of the plea agreement, the State dismissed the remaining counts of incest and reserved the right to resist a deferred judgment, but otherwise agreed to remain silent at sentencing.

Richards appeals,[2] claiming the district court abused its discretion by considering the following improper sentencing factors: (1) "its erroneous belief that Richards had not expressed remorse or taken responsibility for his actions" and (2) "an unproven offense" of sexual abuse given the court's statements about consent and the victim's age.

"The decision to grant a deferred judgment . . . rests within the sound discretion of the sentencing court." *State v. Denton*, No. 14-0172, 2014 WL 3749417, at *1 (Iowa Ct. App. July 30, 2014). "But the use of an impermissible sentencing factor is an abuse of discretion and requires resentencing." *State v. Knight*, 701 N.W.2d 83, 85 (Iowa 2005).

Richards acknowledges a defendant's lack of remorse is an appropriate sentencing factor, *see id.* at 89, yet argues "the court's statements that [he] had not expressed remorse or acknowledged that what he did was wrong are directly contradicted by the record." *See State v. Shrimpton*, No. 21-0516, 2022 WL 1100243, at *4 (Iowa Ct. App. Apr. 13, 2022) ("[T]he absence of facts to support a factor on which a court states it relied in its sentencing decision renders such factor improper and constitutes an abuse of discretion."). He notes the presentence investigation report contained "numerous expressions of remorse and culpability," as did his statement of allocution.

While Richards voiced some regret, those statements were tangled with ones minimizing his crime and blaming it on outside factors—like the victim.

---

[2] The parties agree Richards has good cause to appeal despite pleading guilty. *See* Iowa Code § 814.6(1)(a)(3) (2021); *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020).

Richards told the author of the presentence investigation report that he "confided in the wrong person. Made bad choices and poor judgment." He continued: "I had just went through bankruptcy. I had relationship problems. She was always there for me. It was both our faults." And he said: "I waited for a whole year for her to come out and to tell the truth about what all had happened. She made me out to be a monster. I thought she would come forth and tell the truth but it never happened." These attempts continued at the time of allocution. Even though Richards *said* he took "full responsibility for [his] actions," he added that his actions were only a "part of it," and "[t]his was consensual."

It is not an abuse of discretion to consider a defendant's statements "downplay[ing] the severity of his act" or "plac[ing] blame on outside factors," both of which show a failure to accept responsibility. *State v. Pendleton*, No. 15-0053, 2015 WL 8463202, at *3 (Iowa Ct. App. Dec. 9, 2015); *accord State v. Dinovo*, No. 20-0486, 2021 WL 610179, at *2 (Iowa Ct. App. Feb. 17, 2021) ("The court's comments . . . suggest the court was taking into account Dinovo's efforts to minimize his responsibility, which was proper for the court to do."). Because of those statements, we agree with the State that the district court properly recognized Richards's "remorse or expression of responsibility rang hollow." *See State v. Beard*, No. 20-1673, 2021 WL 4593170, at *1–2 (Iowa Ct. App. Oct. 6, 2021) (finding sentencing court was "free to highlight" defendant's "failure to appreciate the consequences of his actions" when he characterized the victim as the aggressor and apologized "but only because he could no longer go home").

Richards next argues the district court improperly considered an "unproven offense" by mentioning that "consent is not an issue when you're dealing with a

minor." The court was legally correct on the first point—consent is not an element of incest under Iowa Code section 726.2 (2017). But Richards submits the court was "legally incorrect" on the second point because the victim was seventeen, an age at which she can consent to sex acts with a partner of any age. *See* Iowa Code § 709.4(1)(b)(2)(d). So Richards argues the court's statements about the victim being a "minor" and a "little girl" show the court was talking about either sexual abuse in the second or third degree, *see id.* §§ 709.3(1)(b), .4(1)(b)(2), and not incest.

Trouble is, an appellate court will not reverse absent an affirmative showing that the district court relied on an improper factor. *State v. McCalley*, 972 N.W.2d 672, 677 (Iowa 2022). That the sentencing court was merely aware of an improper matter, such as unproven charges, cannot overcome the presumption the court properly exercised its sentencing discretion. *State v. Ashley*, 462 N.W.2d 279, 282 (Iowa 1990).

At the start of the sentencing hearing, the court clearly stated it was sentencing Richards on "a charge of incest, in violation of [section] 726.2." Nothing in the record supports a conclusion that the court thought a sexual-abuse conviction was viable based on the facts. As Richards himself points out, the victim did not meet the age requirements for the variations of sexual abuse he identifies.

The court's statements at the close of the record clarified it was really considering the victim's status as a minor as a circumstance of the crime, along with the facts that the victim was family, she trusted Richards, and Richards was supposed to protect her. And the nature of the crime is a mandatory sentencing factor. *See* Iowa Code § 907.5(1)(f). Considering the court's statements in

context, we conclude Richards failed to affirmatively show that the court relied on an improper sentencing factor. *See State v. Jose*, 636 N.W.2d 38, 43 (Iowa 2001) ("When considered in context with the remainder of the court's explanation for imposing sentence, the reference to 'additional crimes' is not an 'affirmative showing' that the court considered unproven charges."); *State v. Johnson*, No. 02-0676, 2003 WL 118531, at *2 (Iowa Ct. App. Jan. 15, 2003) ("When we consider the statements in context, we conclude they show only a proper consideration of . . . other proper factors, rather than an improper consideration of unproven offenses."); *see also State v. Wieneke*, No. 20-0126, 2020 WL 5944460, at *2 (Iowa Ct. App. Oct. 7, 2020) ("This remark alone is insufficient to meet [the] affirmative burden to show the district court relied on an improper factor when sentencing him.").

Finding no abuse of discretion, we affirm the district court's sentencing decision.

**AFFIRMED.**