# IN THE COURT OF APPEALS OF IOWA

No. 24-0121
Filed July 2, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**AUSTIN RICHARD NEUHAUS,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Buchanan County, John J. Sullivan, Judge.

A defendant appeals his sentences and challenges the constitutionality of the firearm prohibition under Iowa Code section 724.26(2) (2023).  **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered without oral argument by Badding, P.J., Chicchelly, J., and Mullins, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**BADDING, Presiding Judge.**

Austin Neuhaus was charged with three counts of domestic abuse assault after what he later told the sentencing court was a "bad day" with his then-girlfriend in June 2022. Under a plea agreement with the State, Neuhaus pled guilty to two of the three counts: domestic abuse assault causing bodily injury and domestic abuse assault. In exchange, the State dismissed the third count for domestic abuse assault by impeding normal breathing or circulation.

At the sentencing hearing, the State asked the district court to sentence Neuhaus to jail, while defense counsel asked the court for a deferred judgment. The court followed the State's recommendation, sentencing Neuhaus to 350 days in jail for domestic abuse assault causing bodily injury, with all but fifteen days suspended, and a concurrent term of fifteen days in jail on the domestic abuse assault. In its judgment and sentencing order, the court extended the previously entered no-contact order for five years. The sentencing no-contact order prohibited Neuhaus from possessing firearms and required him to deliver all firearms to the sheriff within ten days. The court also entered a notice of firearm prohibition under Iowa Code section 724.31A (2023).[1]

Neuhaus appeals, claiming the district "court abused its discretion in imposing judgment and sentenc[e] by considering unproven conduct" in the minutes of testimony. He also claims that the firearm prohibition under Iowa Code

---

[1] The Iowa Legislature repealed section 724.31A, effective July 1, 2025. *See* S.F. 462, 91st Gen. Assemb., Reg. Sess. (Iowa 2025); Iowa Const. art. III, § 26 ("An act of the general assembly passed at a regular session of a general assembly shall take effect on July 1 following its passage unless a different effective date is stated in an act of the general assembly.").

section 724.26(2)(a) violates his right to bear arms under the Second and Fourteenth Amendments to the United States Constitution and article I, section 1A of the Iowa Constitution.[2]

Our scope of review on Neuhaus's first claim is for the correction of errors at law. *State v. Schooley*, 13 N.W.3d 608, 616 (Iowa 2024). Within that scope, a

> sentencing court's decision to impose a specific sentence that falls within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters. Our task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds. That said, a sentencing court abuses its discretion when it relies on improper factors to reach a sentence. We have previously explained that a sentencing court cannot consider unproven or unprosecuted offenses in fashioning a defendant's sentence unless the defendant admits them or facts are presented to prove them.

*Id.* (cleaned up).

Neuhaus argues the court improperly considered facts from the minutes of testimony that he did not admit, specifically that he put his hands around the victim's neck. Although the charge of domestic abuse assault by impeding normal breathing or circulation was dismissed as part of the plea deal, the prosecutor highlighted that conduct during her sentencing recommendation to the court. She argued that "this was not a[n] incident done in 15 seconds and over" but involved "multiple different assaults" of the victim, including when Neuhaus "threw her on a pile of broken dishes where he put his hands around her neck," causing redness.

---

[2] The supreme court granted Neuhaus's application for discretionary review of the sentence for the simple misdemeanor conviction. *See* Iowa Code § 814.6(2)(a) (2024); Iowa R. App. P. 6.106(2). We also find that Neuhaus has good cause to appeal under section 814.6(3)(a) because his sentences were neither mandatory nor agreed to as part of his plea bargain. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

Neuhaus denied the prosecutor's rendition of the assaults during his allocution, telling the court, "You know, it was a bad day. . . . [A] lot of things that were said aren't necessarily how it happened or what happened necessarily."

"[M]inutes of testimony attached to a trial information do not necessarily provide facts that may be relied upon and considered by a sentencing court." *State v. Gonzalez*, 582 N.W.2d 515, 517 (Iowa 1998). Instead, the court "should only consider those facts contained in the minutes that are admitted to or otherwise established as true." *Id.* The State argues that in his written guilty plea, Neuhaus admitted the minutes were "substantially true and correct."[3] But that admission was limited "to the elements of each charge to which" he was "entering a guilty plea." *See State v. Black*, 324 N.W.2d 313, 316 (Iowa 1982) (approving of the use of minutes "to establish a factual basis for the charge to which the defendant pleads guilty"). And Neuhaus did not plead guilty to domestic abuse assault by impeding normal breathing or circulation.

"Even if improper material is presented at sentencing, it is reversible error only if the district court relied on it." *Schooley*, 13 N.W.3d at 619. "To overcome the presumption the district court properly exercised its discretion," Neuhaus must make an "affirmative showing [that] the court relied on improper evidence." *Id.* (cleaned up). Neuhaus failed to meet that "heavy burden." *Id.*

---

[3] In making this argument, the State also contends that Neuhaus failed to preserve error on his sentencing challenge because he "did not object as the State referenced other facts from the minutes in its . . . sentencing recommendation." But, as our supreme court recently stated in *State v. Chawech*, claims that a sentencing court abused its discretion by relying on an improper consideration are excepted from error-preservation requirements. 15 N.W.3d 78, 84 (Iowa 2024).

After hearing from the parties and the victim, the court denied Neuhaus's request for a deferred judgment, explaining:

> I've read the minutes of testimony and considered the recommendations of both state and your attorney. My concern is that you don't think that this is a big deal. I'm considering your allocution. I didn't see any remorse. You're indicating that you disagree with some of the things or whatever, but that's not somebody who's approaching the court. I just—I reviewed the minutes, and these are very troubling, and this is not something that I believe—I disagree with counsel. I think that this does—does not merit a deferred judgment considering the—the facts and circumstances of your case, considering the length—the length of time this—this incident happened, considering all of the things that were done.

Nothing in these comments affirmatively establishes that the court relied on an unproven allegation that Neuhaus placed his hands around the victim's neck. While the district court's reference to "all of the things that were done" was less than precise, "[w]e will not draw an inference of improper sentencing considerations which are not apparent from the record." *State v. Jose*, 636 N.W.2d 38, 42–43 (Iowa 2001) (surveying cases that vacated sentences based on the court's consideration of unproven charges and noting that in each case, the court "made specific reference" to such charges). And the "fact that the sentencing judge was merely aware of the uncharged offense is not sufficient to overcome the presumption that his discretion was properly exercised." *State v. Guise*, 921 N.W.2d 26, 30 (Iowa 2018); *see also State v. Canady*, 4 N.W.3d 661, 675–76 (Iowa 2024) (trusting sentencing courts to filter out any unproven conduct in minutes of testimony). We accordingly find the court did not abuse its discretion in denying Neuhaus's request for a deferred judgment and sentencing him to jail.

This leaves us with Neuhaus's challenge to the firearm prohibition, which was triggered by his conviction for a misdemeanor crime of domestic violence. *See* Iowa Code § 724.26(2)(a); 18 U.S.C. § 922(g)(9). Although Neuhaus did not raise this challenge in district court, he contends that the "prohibition constitutes part of [his] sentence and is therefore directly appealable." The State argues this issue is not properly before us because the firearm prohibition was not a part of Neuhaus's sentence but rather a notice of a collateral consequence. A pair of cases from our supreme court recently addressed this threshold issue. *See State v. Smith*, 17 N.W.3d 355, 361–63 (Iowa 2025), *State v. Kieffer*, 17 N.W.3d 651, 660–62 (Iowa 2025).

In *Smith,* the district court entered a judgment and sentence order featuring a miscellaneous notice that "[p]eople who have been convicted of felonies (in state or federal court) are not permitted to possess" firearms in Iowa. 17 N.W.3d at 362. Four days later, the court issued a separate notice of firearm prohibition under Iowa Code section 724.31A. *Id.* The defendant filed a notice of appeal that same day "from final judgment entered on January 5, 2024, and all adverse rulings therein." *Id.* Because Smith only appealed the final judgment and sentence order, the court concluded "the subsequent notice of firearm prohibition is not before us." *Id.* at 363. As for the miscellaneous notice in the judgment and sentence order, the court found the "notice itself does not preclude Smith from possessing firearms. Put another way, based on the language included in the district court's judgment and sentence order, Smith would not be subject to contempt of the order if he were to possess firearms in the future." *Id.* Thus, the court reasoned, "the notice of

firearm prohibition is not a term of Smith's sentence properly before us on direct appeal." *Id.* at 364.

The supreme court reached the opposite conclusion in *Kieffer*, where the district court's judgment and sentence order "required that the previously entered no-contact order remain in effect for five years" and stated that a notice of firearm prohibition would be entered as a separate order. 17 N.W.3d at 661. The court then entered a sentencing no-contact order and a notice of firearm prohibition the same day as its judgment and sentence order. *Id.* The sentencing no-contact order, which the court found "was expressly extended in the judgment and sentence order and entered immediately after the judgment," contained a paragraph prohibiting the defendant from possessing firearms and requiring him to immediately deliver all firearms to the sheriff. *Id.* at 663. Under those facts, the court in *Kieffer* concluded the firearm prohibition was a term of the defendant's judgment and sentence order that could be addressed on direct appeal. *Id.* We reach the same conclusion here.

Like in *Kieffer*, the district court told Neuhaus at the sentencing hearing that a "[n]otice of firearm restrictions will also be entered in this case." The court filed the notice of firearm prohibition simultaneously with its judgment and sentence order. The judgment and sentence order stated, "The no-contact order previously entered in this case shall remain in effect for five years." The court then separately entered a no-contact order that expressly prohibited Neuhaus from possessing firearms and required him to deliver all firearms to the sheriff within ten days. Thus, as in *Kieffer*, the "no-contact order's express directive that [Neuhaus] 'shall not' possess firearms and 'shall deliver all firearms' to the sheriff . . . was a condition

of his judgment and sentence order" and could subject him to contempt of court if he failed to comply. *Id.* As a result, "we can consider his constitutional challenge[s] to the prohibition in this direct appeal from his underlying convictions." *Id.*; *cf. State v. Downing*, No. 24-0908, ____ WL ____, at *__ (Iowa Ct. App. July 2, 2025) (concluding the defendant's challenge to the notice of firearm prohibition was not part of his sentence where the prohibition was not discussed at a sentencing hearing or in the sentencing order).

But that doesn't get Neuhaus far because those challenges were rejected by our supreme court in *Kieffer*. After discussing the United States Supreme Court's most recent discussion of the Second Amendment in *United States v. Rahimi*, 602 U.S. 680 (2024) and surveying federal cases considering similar challenges since then, the court in *Kieffer* had "little trouble concluding that the firearm prohibition included in [the] no-contact order does not offend the Second Amendment under the current landscape of federal jurisprudence." 17 N.W.3d at 664–65. As for Neuhaus's claim under the article 1, section 1A of the Iowa Constitution, the "Supremacy Clause of the United States Constitution makes clear that the Iowa Constitution has nothing to say about a firearm prohibition imposed by federal law." *Id.* at 666 ("[E]ven if we were to conclude that state law prohibiting Kieffer from possessing a firearm based on his convictions for domestic abuse assault violated article 1, section 1A of the Iowa Constitution, Iowa Code section 724.26(3) required the firearm prohibition to be included in the no-contact order based, at least in part, on the federal prohibition in 18 U.S.C. § 922(g)(9)."). Because the "firearm prohibition would remain in place based on the federal

prohibition," which survives a Second Amendment challenge, Neuhaus's state constitutional claim "is not redressable" regardless of its merits. *Id.*

We accordingly affirm Neuhaus's sentences.

**AFFIRMED.**