# IN THE COURT OF APPEALS OF IOWA

No. 20-0576
Filed January 21, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ADAM STEPHEN MILLER,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Des Moines County, John M. Wright (sentencing) and Wyatt Peterson (restitution), Judges.

Adam Stephen Miller appeals from the sentence imposed following his guilty plea to third-offense possession of a controlled substance with a habitual-offender enhancement. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Vaitheswaran and Greer, JJ.

**BOWER, Chief Judge.**

Adam Stephen Miller appeals from the sentence imposed following his guilty plea to third-offense possession of a controlled substance (methamphetamine) with a habitual-offender enhancement.[1] Miller contends the district court abused its sentencing discretion in considering an improper factor and failed to consider his reasonable ability to pay for reimbursement of jail fees.

*I. Sentence.*

"Our review of a sentence imposed in a criminal case is for correction of errors at law." *Damme*, 944 N.W.2d at 103 (quoting *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002)).

> A sentencing court's decision to impose a specific sentence that falls within the statutory limits "is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." Our task on appeal is not to second-guess the sentencing court's decision. Rather, we must determine that its decision "was exercised on grounds or for reasons that were clearly untenable or unreasonable." We afford sentencing judges a significant amount of latitude because of the "discretionary nature of judging and the source of respect afforded by the appellate process." Nevertheless, "[i]f a court in determining a sentence uses any improper consideration, resentencing of the defendant is required . . . even if it was merely a 'secondary consideration.'"

*Id.* at 105–06 (alteration in original) (citations omitted).

Here, the plea did not include an agreement as to the appropriate sentence. The presentence investigation report recommended a suspended sentence,

---

[1] There is no right of appeal where a defendant has pled guilty except under certain circumstances. Iowa Code § 814.6(1)(a)(3) (Supp. 2019). However, our supreme court has held "that good cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea." *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020). Miller challenges his sentence and not the guilty plea.

participation in drug court, and substance-abuse treatment with "intensive level of supervision." The defense and the State jointly recommended the court impose a suspended prison sentence and supervised probation, with special conditions including completion of drug court and placement in the residential facility.[2] The district court, however, imposed a term of imprisonment not to exceed fifteen years with a three-year minimum sentence and assessed applicable surcharges, court costs, and attorney fees. The court waived all but the D.A.R.E. and Law Enforcement Initiative surcharges based on Miller's inability to pay. No restitution was ordered.

Miller acknowledges the court considered a number of relevant sentencing factors—Miller's age (thirty-five), education (high school diploma), the substance-abuse evaluation with a recommendation for inpatient treatment, acceptance in the drug court should the district court suspend sentence, Miller's fifteen-year history of substance abuse, lengthy history of criminal convictions, a prior prison sentence, a past probation revocation, and Miller's lack of participation in treatment outside of a controlled setting. But Miller asserts the court considered an improper factor, emphasizing this statement by the court: "And my belief is that you cannot overcome an addiction to methamphetamine; you just use the resources available to manage it." Miller claims the court's opinion "is neither rooted in the record nor supported by scientific research." The court's statement is not discernibly different from Miller's contention that "drug addiction is a treatable disorder" that can be "managed successfully."

---

[2] Miller had been conditionally accepted for participation in drug court and residential treatment.

We are not persuaded the court provided reasons that were clearly untenable or unreasonable or expressed an impermissible fixed policy.[3] The sentencing court considered several mitigating factors. It acknowledged defense counsel's argument that the underlying crime was a "simple possession" of a controlled substance. But the court also observed, "This possession is subsequent to a previous possession which is subsequent to a previous possession. So, you see, nothing has broken the chain so far in your [thirty-five] years." The district court did not abuse its sentencing discretion.

*II. Reimbursement of jail fees.*

Miller also challenges an order for correctional costs and fees claimed by the sheriff's department, contending the court failed to consider his reasonable ability to pay. The State maintains this issue is not properly presented in this proceeding.

Criminal judgment was entered on March 9, 2020. On April 6, Miller's filed a notice of appeal "from the final judgment and sentence entered herein on March 9, 2020, and all adverse rulings therein." As has been stated before, "When a party . . . files a notice of appeal related to a specific order, we cannot rewrite it to include an order entered on a later date." *State v. Boyer*, No. 18-1892, 2020 WL 2108129, at *2 (Iowa Mar. 12, 2020).

---

[3] "If a court in determining a sentence uses any improper consideration, resentencing of the defendant is required." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000). "This is true even if it was merely a 'secondary consideration.'" *Id.* (citation omitted). And a court cannot apply a "fixed policy to govern every case." *See State v. Hildebrand*, 280 N.W.2d 393, 396 (Iowa 1979).

Yet, "whether the sentencing court determined the defendant's reasonable ability to pay before imposing restitution" is an issue that may be raised for the first time on appeal even though it was not raised in the district court. *State v. Gross*, 935 N.W.2d 695, 698 (Iowa 2019). However, "an award of jail fees is not subject to a reasonable-ability-to-pay limitation unless the fees are a component of restitution." *Id.* at 703.

On March 10, 2020, the day after sentencing, the sheriff served a claim on Miller at the jail for room and board fees in the amount of $7350 (147 days at the rate of $50 per day). That same date, Miller signed an agreement to make monthly payments of $20 per month on the fees. On March 11, 2020, the sheriff filed the claim for room and board fees, and the district court entered a "judgment for costs and fees pursuant to Iowa Code [section] 356.7" in the amount of $7350. The judgment noted it "may be enforced pursuant to Iowa Code [chapter] 626." Section 626.1 provides: "Judgments or orders requiring the payment of money, or the delivery of the possession of property, are to be enforced by execution."

The district court's March 11 judgment does not mention restitution or chapter 910. This court has recently addressed a very similar challenge by a defendant and concluded the district court correctly treated the sheriff's claim as a civil judgment. *See generally State v. Sorter*, No. 19-0534, 2020 WL 2487615 (Iowa Ct. App. May 13, 2020). In *Sorter* we explained:

> The *Gross* decision weighed an error-preservation claim under facts much like Sorter's case. On one hand, if the award is a civil judgment, "the rules of error preservation for civil matters apply." *Gross*, 935 N.W.2d at 702. On the other hand, restitution is part of a criminal sentence, and defendants may raise the failure to consider their reasonable ability to pay for the first time on appeal. *See State v. Gordon*, 921 N.W.2d 19, 22–23 (Iowa 2018). But "once the

deadline for direct appeal has run, the defendant is limited to filing a petition to modify restitution . . . under Iowa Code section 910.7." *Gross*, 935 N.W.2d at 699 (citing *State v. Jose*, 636 N.W.2d 38, 46–47 (Iowa 2001)). The court noted "error preservation is intertwined with the merits" in such cases. *Id.* "If the award of jail fees is part of restitution, then Gross can raise the lack of a reasonable-ability-to-pay hearing for the first time in a timely direct appeal." *Id.* Like the *Gross* court, we proceed to the merits.

Because category-two items include jail fees, it appears at first blush that a sheriff's claim is subject to a reasonable-ability-to-pay determination. *Id.* But the code adds greater complexity to the jail-fee question. Only those fees approved under section 356.7 may be assessed as category-two restitution. *See* Iowa Code § 910.2(1)(a)(3). "The sheriff, municipality, or the county attorney, on behalf of the sheriff, or the attorney of the municipality, may file a reimbursement claim with the clerk of district court" which includes all the relevant information. *Id.* § 356.7(2). On that list of relevant information is "a request that the amount owed be included within the order for payment of restitution by the person" if the sheriff wishes to go that route. *See id.* § 356.7(2)(i) [Deleted by 2020 Iowa Acts ch. 1074, § 60, effective June 25, 2020].

. . . .

*Gross* addressed a sheriff's claim that did not include a specific request to include jail fees within restitution. 935 N.W.2d at 703. The supreme court held where the sheriff does not "opt . . . to have jail fees included in restitution," there is no reasonable-ability-to-pay limitation. *Id.* In other words, "an award of jail fees is not subject to a reasonable-ability-to-pay limitation unless the fees are a component of restitution" and the sheriff must include the request in their application for reimbursement. *Id.*

. . . .

The district court properly entered these claims as civil judgments under chapter 626. . . . [T]he sheriff did not elect to include the jail fees as an item of restitution. So when the court approved the fees under section 356.7(3), it correctly inferred the sheriff was choosing to enforce the claim under chapter 626. Under *Gross* and the relevant statutes, the court did not need to perform a reasonable-ability-to-pay analysis.

To recap, because the sheriff did not ask for the jail fees to be included in the amount of restitution, the district court correctly treated the claim as a civil judgment. And because the awards are civil judgments, two consequences follow. First, Sorter did not preserve error by objecting in the district court. Second, even if he had, the awards would not be subject to a reasonable-ability-to-pay determination. Thus we affirm the awards.

2020 WL 2487615, at *2–3.  For the same reasons stated in *Sorter*, we conclude the district court was not required to make a reasonable-ability-to-pay determination here.  We affirm.

**AFFIRMED.**